# EXHIBIT A

# PROMISSORY NOTE

0

# **PROMISSORY NOTE**

STATE OF NEW YORK      )
                                              ) ss:.
COUNTY OF KINGS         )

APRIL 4, 2017

$3,000,000.00

      **FOR VALUE RECEIVED**, **ALEXANDER M. ENGELMAN**  , **Mercer Jordan ventures llc** having an address at 460 bedford av Brooklyn NY 11249 (hereinafter referred to as "Maker"), hereby covenants and promises to pay to **ALL YEAR HOLDINGS LTD.**, a corporation having an address at 199 Lee Ave., #623, Brooklyn, NY 11211  (hereinafter referred to as "Payee"), or order, at Payee's address first above written or at such other address as Payee may designate in writing, THREE MILLION 00/100 DOLLARS ($3,000,00.00), lawful money of the United States of America, with interests thereon at an annual rate of _15_% which principal shall be payable on April 4, 2018 when the entire principal balance and accrued interest thereon shall become due and owing.

      Borrower shall pay lender or their assignee on APRIL 4, 2018 when the principal balance and accrued interest thereon, if any, shall become due and owing.

      **Maker covenants and agrees with Payee as follows:**

      1.  Maker will pay the indebtedness evidenced by this Note as provided herein.

      2.  Maker, and all guarantors, endorsers and sureties of this Note, hereby waive presentment for payment, demand, protest, notice of protest, notice of nonpayment, and notice of dishonor of this Note. Maker and all guarantors, endorsers and sureties consent that Payee at any time may extend the time of payment of all or any part of the indebtedness secured hereby, or may grant any other indulgences.  The obligations of the parties which comprise the Maker hereunder shall be the joint and several obligations of such parties.

      3.  Any notice or demand required or permitted to be made or given hereunder shall be deemed sufficiently made and given if given by personal service or by the mailing of such notice or demand by certified or registered mail, return receipt requested, addressed, if to Maker, at Maker's address first above written, or if to Payee, at Payee's address first above written.  Either party may change its address by like notice to the other party.

      4.  This Note may not be changed or terminated orally, but only by an agreement in writing signed by the party against whom enforcement of any change, modification, termination,

1

waiver, or discharge is sought. This Note shall be construed and enforced in accordance with the laws of New York.

5. All notices shall be by mail, certified, return receipt requested, and shall be deemed given when deposited in the United States mail, postage prepaid and properly addressed at the address set forth above. When notice is given to any party, a copy thereof shall be forwarded to all other parties in the same manner provided above.

6. This Agreement and the rights and obligations of the parties hereunder shall be governed by and interpreted under the laws of the State of New York. This Agreement has been negotiated by all parties, and is fully understood by all parties. In interpreting this Agreement, no consideration shall be given to the identity of the person drafting the provision in question. All references in any gender shall be deemed to refer to the other, as appropriate in the circumstances.

7. This Agreement may not be amended, altered or modified except by instrument in writing and signed by all of the then parties.

8. All heading herein are inserted for convenience only and are not to be considered or referred to in the interpretation of this Agreement.

9. This Agreement constitutes the complete and exclusive statement of this Agreement between the parties and replaces and supersedes all prior agreements. Except as herein provided, there are no representations which are binding upon any of the parties.

10. This agreement is dated the date first herein mentioned.

IN WITNESS WHEREOF, Maker has executed this Note on the date first above written.

MERCER JORDAN VENTURES LLC

_____
BY: ALEXANDER M. ENGELMAN

_____
ALEXANDER M. ENGELMAN

2