CHAPMAN AND CUTLER LLP  
1270 Avenue of the Americas  
New York, New York 10020  
Telephone: (212) 655-6000  
Michael Friedman  
David T. B. Audley  
Eric S. Silvestri  

*Counsel to AYH Wind Down LLC*

Hearing Date: March 26. 2024  
10:00 a.m. (EST)

Response Deadline: March 19, 2024

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X  
                                        :  
In re:                                   :        Chapter 11  
                                        :  
ALL YEAR HOLDINGS LIMITED,       :        Case No. 21-12051 (MG)  
                                        :  
           Debtor.                     :  
                                        :  
----------------------------------------------------------------X  
                                        :  
AYH WIND DOWN LLC, through Ofer Tzur and :  
Amir Flamer, solely in their joint capacity as     :  
Claims Administrator                     :  
                                        :  
           Plaintiff,                 :  
                                        :  
ALEXANDER M. ENGELMAN,             :        Adversary No. 23-01196-mg  
                                        :  
           Defendant.                :  
                                        :  
----------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO ABSTAIN**

**TABLE OF CONTENTS**

| SECTION | HEADING | PAGE |
|---|---|---|
| | INTRODUCTION | 1 |
| | BACKGROUND | 2 |
| | ARGUMENT | 2 |
| I. | A Majority of the Twelve Factors Weigh Against Abstention | 4 |
| II. | Defendant's Factors Do Not Outweigh Those Against Abstention | 7 |
| | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

PAGE

**Cases**

*Colo. River Water Conserv. Dist. v. United States,* 424 U.S. 800 (1976) ....................................... 5

*Delaware Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500 (S.D.N.Y. 2015) .............................. 5, 10

*Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, 496 B.R. 706 (S.D.N.Y. 2013) ................ 6, 8

*In re Janssen*, 396 B.R. 624 (Bankr. E.D. Pa. 2008) ..................................................................... 6

*In re Old Carco LLC*, 636 B.R. 347 (Bankr. S.D.N.Y. 2022) ....................................................... 5

*In re Tronox,* 603 B.R. 712 (Bankr. S.D.N.Y. 2019) ................................................................. 6, 8

*In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308 (S.D.N.Y. 2003) ................................................. 5

*In re. Lebenthal Holdings, LLC*, No. 17-13337 (MG), 2018 WL 3629900 (Bankr. S.D.N.Y. July 27, 2018) ............................................................................................................... 4, 8, 10

*Kerusa Co LLC v. W10Z/515 Real Estate Ltd. P'ship*, 2004 WL 1048239 (S.D.N.Y. May 7, 2004) ........................................................................................................................................ 6, 9

*Residential Capital, LLC*, No. 12-12020 (MG), 2015 WL 4747785 (Bankr. S.D.N.Y. Aug. 4, 2015) ...................................................................................................................................... 6, 10

*Winstar Holdings, LLC v. Blackstone Grp. L.P.*, No. 07 CIV. 4634 (GEL), 2007 WL 4323003 (S.D.N.Y. Dec. 10, 2007) ....................................................................................................... 4, 7, 9

**Statutes**

28 U.S. § 1334 ........................................................................................................................ 4, 5, 6

**INTRODUCTION**

Defendant's Motion to Abstain (the *"Motion"*) asks the Court to permissively abstain under § 1334(c)(1). Broadly understood, a request to permissively abstain asks whether considerations of comity, federalism, judicial economy, efficiency, and, as some courts have put it, "common sense" suggest that the proceeding is better administered in a different forum. *Winstar Holdings, LLC v. Blackstone Grp. L.P.*, No. 07 CIV. 4634 (GEL), 2007 WL 4323003, at *6 (S.D.N.Y. Dec. 10, 2007).

On these considerations, there can be no doubt. The Court's experience with the Debtor's bankruptcy proceedings, the Chapter 11 Plan (under which Plaintiff was formed for the express purpose of pursuing these claims), and indeed its experience administering similar claims all suggest that this case's best chance at swift and efficient administration is in Bankruptcy Court. Although the Adversary Complaint presents a straightforward state law contract claim, it is already apparent that, like its sister case against Yoel Silberstein, the factual and legal issues raised in Defendant's Declaration will mean that the Court's experience with the Debtor's pre-petition dealings and those stakeholders will be beneficial to the efficient administration of this lawsuit. Moreover, an analysis of the factors that courts consider for abstention under § 1334(c)(1) weighs against abstention and in favor of a "common" approach as dictated by the Court's experience. Defendant's Motion hinges on the fact that this proceeding encompasses only state law claims. However, as this Court observed not long ago, even when "state law issues predominate, the contract law issues are not difficult or unsettled, and are the type of issues that this Court regularly adjudicates." *In re. Lebenthal Holdings, LLC*, No. 17-13337 (MG), 2018 WL 3629900, at *5 (Bankr. S.D.N.Y. July 27, 2018) (Martin Glenn, United States Bankruptcy Judge). The Court should deny the Motion.

**BACKGROUND**

On November 10, 2023, Plaintiff AYH Wind Down LLC (*"Wind Down Co"* or *"Plaintiff"*) filed its Adversary Complaint (the *"Complaint"*) against Defendant alleging breach of a pre-petition promissory note and seeking no less than $6,012,500.00 in damages. Complaint [ECF No. 1]. On November 14, 2023, true and correct copies of the Summons, Civil Cover Sheet, and Complaint were served upon the Defendant. Proof of Service [ECF No. 8]. After the time to answer had past, Defendant's counsel reached out to Plaintiff's counsel and the parties agreed that Defendant would file a consent to service indicating a responsive pleading date of February 15, 2024. Consent Certificate of Service [ECF No. 9]. Defendant then filed his Answer as well as the instant Motion.

In the Motion, Defendant alleges he never actually signed the promissory note but that there was an oral agreement for the Debtor to loan him the exact same $3,000,000, which Defendant then claims to have repaid several weeks later. *See* Engelman Declaration ¶¶ 4–5. A signed promissory note is attached to the Complaint. *See* Complaint Ex. A.

**ARGUMENT**

A court should proceed carefully before permissively abstaining, because federal courts have a "'virtually unflagging obligation . . . to exercise the jurisdiction given them and may abstain only for a few 'extraordinary and narrow exception[s].'" *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003) (quoting *Colo. River Water Conserv. Dist. v. United States,* 424 U.S. 800, 817 (1976)). As this Court has observed, "Courts in this district consider twelve factors when determining whether to permissively abstain under section 1334(c)(1)." *In re Old Carco LLC*, 636 B.R. 347, 360 (Bankr. S.D.N.Y. 2022) (citing *Delaware Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 512 (S.D.N.Y. 2015)). Those factors are:

    (1)    the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable state law;

(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden [on] the court's docket;

(10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of nondebtor parties.

See In re Residential Capital, LLC, No. 12-12020 (MG), 2015 WL 4747785, at *14 (Bankr. S.D.N.Y. Aug. 4, 2015). All twelve factors are not always present and thus not all of them need be applied. See In re Tronox, 603 B.R. 712, 726 (Bankr. S.D.N.Y. 2019). This is because the factors are aimed at the larger task of balancing "the federal interest in efficient bankruptcy administration against the interest of comity between the state and federal courts." Id. (citing Fried v. Lehman Bros. Real Estate Assocs. III, L.P., 496 B.R. 706, 712–13 (S.D.N.Y. 2013)).

Accordingly, the analysis "is not a mechanical or mathematical exercise" and the court "need not plod through a discussion of each factor in the laundry lists developed in prior decisions." In re Janssen, 396 B.R. 624, 636 (Bankr. E.D. Pa. 2008). Instead, the inquiry represents "the pursuit of equity, justice and comity involves a thoughtful, complex assessment of what makes good sense in the totality of the circumstances." Id. (quoting Kerusa Co LLC v. W10Z/515 Real Estate Ltd. P'ship, 2004 WL 1048239, at *3 (S.D.N.Y. May 7, 2004)); see also

*Winstar Holdings, LLC*, , 2007 WL 4323003, at *6 ("Under all these circumstances, common sense dictates the conclusion that the Bankruptcy Court is the proper forum for resolving these disputes.").

## I. A MAJORITY OF THE TWELVE FACTORS WEIGH AGAINST ABSTENTION

At least eight of the twelve factors weigh against abstention in this case: specifically factors 1, 3, 4, 6, 9, 10, 11 and 12. Defendant's Motion fails to discuss all but two of these factors, essentially conceding that they caution against abstention.

As to the first factor, the effect on the estate arising from abstention, Plaintiff's case would suffer delay were it required to initiate an entirely new state court action. As this Court knows, Wind Down Co. was created under the Plan for the express purpose of prosecuting certain of the Debtor's claims against third parties ultimately for the benefit of Debtor's creditors. *See* Main Bankruptcy Case, *Third Amended Chapter 11 Plan of Reorganization of All Year Holdings Limited* [Main Case ECF No. 289].[1] This delay would be compounded by the fact that Defendant has already had, by request, three months to answer to the Complaint after first failing to appear and then seeking an additional 45 days to answer a 23-paragraph Complaint. *See* ECF No. 10. State court proceedings initiated by an entity like Wind Down Co. would require Plaintiff to bring an unfamiliar state court up to speed on the history of the Debtor's bankruptcy proceedings, the operation and mechanics of the Plan, and how the Debtor transferred these

---

[1] The Plan implements a transaction between the Debtor and Paragraph Partners LLC (the *"Sponsor"*), pursuant to that certain Investment Agreement dated March 11, 2022, as amended (the *"Investment Agreement"*). Under the Investment Agreement, the Sponsor acquired the Transferred Entities (as defined in the Investment Agreement) but left behind all Excluded Assets (as defined in the Confirmation Order), which instead vested in Plaintiff on the Effective Date to be administered for the benefit of creditors.

- 4 -

claims to Plaintiff, all of which represent the expenditure of time and costs that are not necessary in this forum.

As to the third and fourth factors, the difficulty or unsettled nature of the applicable state law and the presence of a related proceeding commenced in state court or other nonbankruptcy court, they both mitigate against abstention. New York contract law is well-settled and comprehensively developed. A breach of contract claim represents one of the most familiar concepts in all of civil law, and the contract in this case—a matured, unpaid promissory note—is among the most straightforward examples of a contractual breach. The defenses to that claim are equally well-developed. This Court will not have to venture into unknown legal territory or risk misapplying state law. As the Court has observed, even when "state law issues predominate, the contract law issues are not difficult or unsettled, and are the type of issues that this Court regularly adjudicates." *In re Lebenthal Holdings, LLC*, No. 17-13337 (MG), 2018 WL 3629900, at *5 (Bankr. S.D.N.Y. July 27, 2018) (Martin Glenn, United States Bankruptcy Judge). Moreover, there is no related proceeding in state court or elsewhere regarding Defendant's promissory note obligations.

Factors 9, 10, and 11 also mitigate against abstention. As to Factor 9, the Court has demonstrated that it is not overburdened by cases such as this one, and indeed in a similar case, the Silberstein Adversary, has kept the parties moving quickly through pleadings, discovery, and toward resolution. As to Factor 10, Plaintiff cannot be accused of forum shopping simply because it seeks to keep all matters within the bankruptcy court. Rather, Plaintiff's approach reflects an interest in the efficient and swift administration of each of these suits, which reflects one of the guiding principles in considering whether to abstain. *See In re Tronox,* 603 B.R. at 726 (citing *Fried*, 496 B.R. at 712–13). Defendant's Motion does not accuse Plaintiff of forum

- 5 -

shopping, and points to no particular advantage that state courts would provide. As to Factor 11, Defendant has not served a jury demand and Plaintiff's Complaint does not seek a jury trial. Given that Defendant does not raise this factor in his Motion, it is unlikely that this matter will require a jury.

Unlike the factors discussed above, the parties disagree on how Factors 6 and 12 affect the analysis. As to the sixth factor, the "remoteness" of the proceeding to the Bankruptcy case, it is not true, as Defendant suggests, that there is "no relation between the two actions." Motion p. 6. Plaintiff and its ownership of this claim quite literally would not exist but for the Plan and the Investment Agreement it animates. While it is true that nothing in the Bankruptcy Code provides the elements of a breach of contract claim, litigants on those claims must still plead and prove standing, and here such issues are intertwined with the Main Case.

Moreover, the assertions in the Motion that Defendant did not sign the promissory note that bears what appears to be his signature, but rather borrowed the same amount of money on an oral basis, suggests that the facts and circumstances surrounding the Debtor's pre-petition activities (perhaps Mr. Yoel Goldman's dealings with Defendant) may yet rear their head in these proceedings. As courts have explained, permissive abstention is a matter of "good" or "common" sense. *Kerusa Co LLC v. W10Z/515 Real Estate Ltd. P'ship*, 2004 WL 1048239, at *3 (S.D.N.Y. May 7, 2004)); *see also Winstar Holdings, LLC v. Blackstone Grp. L.P.*, No. 07 CIV. 4634 (GEL), 2007 WL 4323003, at *6 (S.D.N.Y. Dec. 10, 2007). Here, there are early signs that this case may take familiar factual turns related to the Main Bankruptcy Case, the adjudication of which would benefit from this Court's experience.

As to the twelfth factor, the presence of nondebtors, Defendant asserts that the mere presence of a nondebtor suggests the Court should abstain, but that is not true. If it were, it

would defeat Bankruptcy Courts' "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Delaware Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 513 (S.D.N.Y. 2015). There is nothing that suggests a lack of efficiency or justice when an entity, standing in the shoes of the Debtor, sues a nondebtor in Bankruptcy Court. Rather, this factor only suggests abstention when **all** parties are nondebtors. *See, e.g.*, *In re Residential Cap., LLC*, 515 B.R. 52, 67 (Bankr. S.D.N.Y. 2014). Here, because Plaintiff inherited claims from the Debtor and the collection of those claims ultimately inures to the benefit of creditors, this factor instead mitigates in favor of the case remaining with the Bankruptcy Court.

## II. DEFENDANT'S FACTORS DO NOT OUTWEIGH THOSE AGAINST ABSTENTION

As discussed above, Plaintiff disputes Defendant's application of Factors 6 and 12. The remaining factors Defendant relies on in the Motion are Factors 1, 5, 7, and 8, all of which boil down to the argument that this proceeding concerns state law claims that could be administered by a state court.

Plaintiff concedes that, at this point, the only claim in this proceeding is a state law claim and that New York state courts are certainly capable of adjudicating such claims. As discussed earlier, however, this Court has declined to abstain simply because the proceedings involve the application of familiar and well-settled state law principles. *See In re Lebenthal Holdings, LLC*, 2018 WL 3629900, at *5. Additionally, recent experience from the Silberstein proceeding serves as an example that, when it comes to the Debtor's pre-petition movement of funds under Yoel Goldman, what begins as a state law proceeding may develop into claims sounding in the Bankruptcy Code. Defendant's assertion that he did not borrow the money alleged in the Complaint, but did borrow *other* money on an oral basis, hints that this case may take a similar turn. Were it to do so, abstention would have placed the administration of core Bankruptcy

claims in a state forum, which is not impossible for a state court to adjudicate, but certainly does not serve the interests of judicial economy. For this reason, independent of the manifest weight of the countervailing factors discussed above, Defendant's cited factors should not be interpreted as overruling the others or as a "common sense" approach to the administration of this matter.

### CONCLUSION

For the foregoing, reasons Plaintiff respectfully requests the Court deny Defendant's Motion to Abstain.

Respectfully submitted,

AYH WIND DOWN LLC

By: _____
One of Its Attorneys

Michael Friedman
Eric Silvestri (admitted *pro hac vice*)
CHAPMAN AND CUTLER LLP
320 South Canal Street
Chicago, Illinois 60606
(312) 845-3000
silvest@chapman.com

- 8 -