UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
In re:                                                                                                  Chapter 11

ALL YEAR HOLDINGS LIMITED,                                                    Case No.: 21-12051 (MG)

                              Debtor.
-----------------------------------------------------------------------------x  Adversary Proceeding No:
AYH WIND DOWN LLC, through OFER TZUR and               23-01196-mg
AMIR FLAMER, solely in their joint capacity as
Claims Administrator,

                              Plaintiff,
       -against-

ALEXANDER M. ENGELMAN,

                              Defendant.
-----------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT OF
<u>DEFENDANT ALEXANDER ENGELMAN'S MOTION FOR ABSTENTION</u>**

                                                   **TWERSKY PLLC**
                                                   747 Third Avenue, 32nd Floor
                                                   New York, New York  10017
                                                   (212) 425-0149

                                                   *Attorneys for Defendant*
                                                   *Alexander Engelman*

Of Counsel:
    Aaron Twersky, Esq.
    Ilana Neufeld, Esq.
    Mia Guttmann, Esq.

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ii

**INTRODUCTION**.................................................................................................................1

**ARGUMENT**

**POINT I**

**THE DOCTRINE OF ABSTENTION ALLOWS THE
COURT TO ABSTAIN FROM ADJUDICATION THIS ACTION**..........................2

    **A.** The First Factor Weighs In Favor Of Abstention ...................................................3

    **B.** The Second Factor Weighs In Favor Of Abstentions ............................................5

    **C.** The Third Factor Is Irrelevant In This Matter.........................................................5

    **D.** The Fifth Factor Weighs In Favor Of Abstention...................................................6

    **E.** The Sixth Factor Weighs In Favor Of Abstention .................................................6

    **F.** The Seventh Factor Weighs In Favor Of Abstention.............................................8

    **G.** The Eighth Factor Weighs In Favor Of Abstention...............................................8

    **H.** The Twelfth Factor Weighs In Favor Of Abstention.............................................8

    **I.** Defendant's Analysis Of The Factors
Demonstrates That The Motion Should Be Granted..............................................9

**CONCLUSION** ...................................................................................................................10

23-01196-mg    Doc 13    Filed 03/21/24    Entered 03/21/24 15:51:54    Main Document
Pg 3 of 15


# **TABLE OF AUTHORITIES**

**CASES**

*Allstate Ins. Co. v. Ace Sec. Corp.*, 2011 WL 3628852 (S.D.N.Y. Aug. 17, 2011) ........................ 8

*Cody, Inc. v. Cnty. of Orange*, 281 B.R. 182 (S.D.N.Y. 2002), *aff'd in part, appeal dismissed in part*, 338 F.3d 89 (2d Cir. 2003) ................................................................................ 2, 3, 4, 5

*Fried v. Lehman Bros. Real Est. Assocs. III, L.P.*, 496 B.R. 706 (S.D.N.Y. 2013) ........................ 5

*Gen. Elec. Cap. Corp. v. Por-Fac Coop., Inc.*, 2002 WL 1300054 (S.D.N.Y. June 11, 2002) ...... 8

*In re Culture Project*, 571 B.R. 555 (Bankr. S.D.N.Y. 2017) ........................................................ 3

*In re Dana Corp., Inc.,* No. 06-10354 BRL, 2011 WL 6259640 (Bankr. S.D.N.Y. Dec. 15, 2011) ................................................................................................................................................ 6

*In re Fairpoint Commc'ns, Inc.*, 462 B.R. 75 (Bankr. S.D.N.Y. 2012) .......................................... 7

*In re Int'l Tobacco Partners, Ltd.*, 462 B.R. 378 (Bankr. E.D.N.Y. 2011) ................................ 8, 9

*In re Lebenthal Holdings, LLC*, 2018 WL 3629900 (Bankr. S.D.N.Y. July 27, 2018) .................. 6

*In re Nasser*, 2020 WL 5985427 (Bankr. E.D.N.Y. 2020) ............................................................ 4

*In re Nat'l Eastern Corp.*, 391 B.R. 663 (Bankr.D.Conn. 2008) ................................................... 7

*In re Relativity Fashion, LLC*, 696 F. App'x 26, 28 (2d Cir. 2017) .............................................. 6

*In re Residential Cap., LLC*, 515 B.R. 52 (Bankr. S.D.N.Y. 2014) .............................................. 9

*In re Thompson McKinnon Securities, Inc. v. McKinnon Securities, Inc.*, 161 B.R. 98 (1993) ..... 7

*In re Thompson McKinnon Securities, Inc.*, 161 B.R. 98 (1993) ................................................... 5

*In re U.S. Lines, Inc.*, 197 F.3d 631 (2d Cir. 1999) ...................................................................... 8

*In re WP Realty Acquisition III LLC*, 626 B.R. 154 (2021) ................................................. 6, 7, 8

*Luan Inv. S.E. v. Frankling 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d. 223, 232 (2d Cir. 2002) ............................................................................................................................................ 9

*Taub v. Taub*, 413 B.R. 81 (Bankr. E.D.N.Y. 2009) .............................................................. 2, 7, 8

**STATUTES**

28 U.S.C. § 1334(c)(1) ............................................................................................................... 2

28 U.S.C. § 157(b)(1) ................................................................................................................ 6

Twersky PLLC  
747 Third Avenue, 32nd Floor  
New York, New York 10017  
Telephone: (212) 425-0149  
Aaron Twersky, Esq.  
Ilana Neufeld, Esq.  
Mia Guttmann, Esq.  

*Counsel for Defendant*  
*Alexander Engelman*

Hearing Date: March 26, 2024, at 10:00 a.m. (EST)

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------------------x  

In re:

ALL YEAR HOLDINGS LIMITED,

                          Debtor.

------------------------------------------------------------------------x  
AYH WIND DOWN LLC, through OFER TZUR and  
AMIR FLAMER, solely in their joint capacity as  
Claims Administrator,

                          Plaintiff,

    -against-

ALEXANDER M. ENGELMAN,

                          Defendant.

------------------------------------------------------------------------x

Chapter 11

Case No.: 21-12051 (MG)

Adversary Proceeding No: 23-01196-mg

**MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT OF  
DEFENDANT ALEXANDER ENGELMAN'S MOTION FOR ABSTENTION**

**INTRODUCTION**

    Defendant Alexander Engelman ("Engelman" or "Defendant") files this memorandum of law in reply and further support of his Motion for Abstention ("Motion"). In determining a motion for permissive abstention, the Court examines twelve factors. Defendant has shown that the majority of factors weigh in favor of permissive abstention. Despite this, Plaintiff AYH Wind Down LLC's ("Plaintiff") meek Opposition to the Motion ("Opposition") attempts to

1

reduce Defendant's argument to only discussing a single contract claim. However, this is patently false. The majority of factors weigh in favor of permissive abstention and therefore the Court should grant the Motion and abstain from this case.

## ARGUMENT

### POINT I

### THE DOCTRINE OF ABSTENTION ALLOWS THE COURT TO ABSTAIN FROM ADJUDICATING THIS ACTION

Pursuant to 28 U.S.C. § 1334(c), a bankruptcy court is subject to the permissive abstention principles, which would preclude this Court from adjudicating this matter. 28 U.S.C. § 1334(c)(1) provides that permissive abstention is applicable and may be warranted "in the interest of justice, or in the interest of comity with State courts or respect for State law." *See* 28 U.S.C. § 1334(c)(1). In considering whether permissive abstention is appropriate, courts have "considered one or more (not necessarily all) of [the] twelve factors." *Taub v. Taub*, 413 B.R. 81, 92-93 (Bankr. E.D.N.Y. 2009) (internal citations and quotation marks omitted); *see also Cody, Inc. v. Cnty. of Orange*, 281 B.R. 182, 190 (S.D.N.Y. 2002), *aff'd in part, appeal dismissed in part*, 338 F.3d 89 (2d Cir. 2003).

As discussed in the Motion, the twelve factors to be considered are: (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be

2

entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket, (10) the likelihood that commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties. *See Cody, Inc. v. Cnty. of Orange*, supra, 281 B.R. at 190-191 (citations and internal quotation marks omitted).

For the reasons stated in the Motion and below, the majority of factors weigh in favor of permissive abstention. Furthermore, Plaintiff's argument that the majority of factors weigh in favor of this Court maintaining jurisdiction are baseless. The factors Plaintiff relies upon are neutral at best, but do not tip the scales in its favor. As such, the Court, in its discretion and in the interest of justice, should grant Defendant's Motion and abstain from hearing this matter.

### A. The First Factor Weighs In Favor Of Abstention

Despite Plaintiff's contentions, the first factor, which examines "the effect or lack thereof on the efficient administration of the estate if a court recommends abstention," weighs in favor of abstention. This Adversary Proceeding was brought solely pursuant to 28 U.S.C. 1334(c) as a matter that is "related to" a bankruptcy. Therefore, if the Court were to hear this proceeding, it could "only render a report and recommendation rather than a final decision on those claims. That is because the matter is only 'related to' a bankruptcy case." *In re Culture Project*, 571 B.R. 555, 564 (Bankr. S.D.N.Y. 2017). Therefore, "[h]aving the matter here, subject only to a report and recommendation that then would require further proceedings in another court, is not the most efficient procedure to follow in resolving a case." *In re Culture Project*, supra, 571 B.R. at 564.

Moreover, Plaintiff's argument that abstention would result in having to "bring an unfamiliar state court up to speed on the history of the Debtor's bankruptcy proceeding," is false.

3

*See Cody, Inc. v. Cnty. of Orange*, *supra*, 281 B.R. at 190-191; *see also* Plaintiff's Opposition, D.E. 12, p. 4. As has been discussed ad nauseum, Plaintiff's Adversary Proceeding against Engelman has no relevance to the bankruptcy. Again, this action only pertains to a contract claim and fraud. On or about March 9, 2017, Engelman borrowed $3,000,000.00 (the "Loan") from the Debtor, All Year Holdings Limited ("Debtor"). The Loan was repaid within several weeks. *See* Affidavit of Alexander Engelman ("Engelman Aff."), D.E. 11-2, ¶ 4. However, Plaintiff alleges that on or about April 4, 2017, Defendant executed a promissory note in the principal amount of $3,000,000.00 in favor of the Debtor (the "Note"). *See* Complaint, D.E. 1, ¶ 12. The Note is a fabrication and despite Plaintiff's assertion that it is signed, the signature is a clear forgery. *See* Plaintiff's Opposition, D.E. 12, p. 6. It will not take the state court any more time to familiarize itself with this proceeding than it would this Court, since the facts are new and separate from the bankruptcy. Plaintiff's argument conflates this singular contract dispute with the monolithic bankruptcy proceeding, but does not even explain the relevance of the bankruptcy on the Adversary Proceeding.

Since this Adversary Proceeding is still in its infancy and the state court can easily assess the facts, there will be no effect on the "efficient administration of the estate if [the] court recommends abstention." *In re Nasser*, 2020 WL 5985427, at *3 (Bankr. E.D.N.Y. 2020) (where abstention was denied, when the issues in the Adversary Proceeding were "closely related to key issues in the Plaintiff's bankruptcy" and had been at the "forefront of the bankruptcy case"). This case is clearly different from *In re Nasser*. Additionally, this Court may only issue a Report and Recommendation and not make a final determination. Therefore, the first factor weighs in favor of abstention and this Motion should be granted.

4

B. **The Second Factor Weighs in Favor of Abstention**

Plaintiff does not address the second factor, and therefore concedes that the second factor weighs in favor of abstention. Briefly, the only cause of action asserted in the Complaint is breach of the Note, which rests solely on issues of contract law. *See* Complaint, D.E.1, ¶ 4; *see also In re Thompson McKinnon Securities, Inc.*, 161 B.R. 98, 100 (1993) (motion for abstention granted where adversary proceeding involved state law contract issues that did not depend on construction or application of bankruptcy law). Plaintiff only ambiguously asserts that at some future point, this Adversary Proceeding "may develop into claims sounding in the Bankruptcy Code." *See* Plaintiff's Opposition, D.E. 12, p. 7. However, Plaintiff provides no support or explanation for this assertion. As such, the second factor weighs in favor of abstention.

C. **The Third Factor Is Irrelevant In This Matter**

The third factor considers the "difficulty or unsettled nature of the applicable state law." *Cody, Inc. v. Cnty. of Orange*, *supra*, 281 B.R. at 190. Plaintiff argues that this factor weighs in favor of denying abstention, since "[a] breach of contract claim represents one of the most familiar concepts in all of civil law . . . a matured, unpaid promissory note – is among the most straightforward examples of a contractual breach." *See* Opposition, D.E. 12, p. 5. However, Plaintiff's analysis of this factor is mistaken. "If the state law claims here were difficult or unsettled (factor 3), that would weigh in favor of state court adjudication, ***but the fact that the claims here are straightforward is not a reason for the case to proceed in federal court***." *Fried v. Lehman Bros. Real Est. Assocs. III, L.P.*, 496 B.R. 706, 713 (S.D.N.Y. 2013).

Moreover, Plaintiff supports this argument by relying on the case *In re Lebenthal Holdings, LLC*'s discussion of the second factor. However, in that case, the court also noted in its determination that "Claim Objection and the Adversary Proceeding are closely related and

5

can and should be resolved in the court." *In re Lebenthal Holdings, LLC*, 2018 WL 3629900, at *5 (Bankr. S.D.N.Y. July 27, 2018). ***Here, the Adversary Proceeding is completely separate and does not impact the main bankruptcy proceeding and is different* than In re Lebenthal Holdings, LLC**. Therefore, the third factor does not weigh in favor of denying abstention and the Motion must be granted.

### D. The Fifth Factor Weighs In Favor Of Abstention

The fifth factor considers whether the Court has a jurisdictional basis other than 28 U.S.C. § 1334. As has been discussed, this Adversary Proceeding is not a core proceeding, nor does it arise from the title 11 bankruptcy matter. Pursuant to 28 U.S.C. § 157(b), "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . ." *See* 28 U.S.C. § 157(b)(1). An Adversary Proceeding is a core proceeding when the "[p]re-petition contracts can be deemed core if the parties' dispute impacts core bankruptcy functions such as the debtor's reorganization." *In re WP Realty Acquisition III LLC*, 626 B.R. 154, 159 (2021), citing *In re Relativity Fashion, LLC*, 696 F. App'x 26, 28 (2d Cir. 2017). Here, the disputed Note is a prepetition contract, with no impact on the core bankruptcy functions and is a wholly separate and distinct matter. Therefore, the only basis for jurisdiction is 28 U.S.C. § 1334. Accordingly, this factor weighs in favor of abstention and the Court should grant the Motion.

### E. The Sixth Factor Weighs In Favor Of Abstention

The sixth factor examines the "degree of relatedness or remoteness of the proceeding to the main bankruptcy case." *In re WP Realty Acquisition III LLC*, *supra*, 626 B.R. at 162. Plaintiff's anemic argument regarding this factor rests solely on Plaintiff's ownership of the claim, which it claims makes the Adversary Proceeding related to the bankruptcy matter.

6

Moreover, Plaintiff claims that although the Adversary Proceeding is unrelated, the facts may at some point be relevant to the main bankruptcy. However, this is only Plaintiff's vague speculation and is certainly not proven. *See In re Dana Corp., Inc.*, 2011 WL 6259640, at *5 (Bankr. S.D.N.Y. Dec. 15, 2011) (Where the "dispute [was] quite remote from the main bankruptcy case," the court found the argument relating the claims to the main bankruptcy as "nothing more than mere speculation").

Similarly, here, the Adversary Proceeding only involves breach of contract and fraud, and substantively, has no relation to the main bankruptcy case. As such, this Adversary Proceeding "does not 'arise under' the Bankruptcy Code or 'arise in' this bankruptcy case." *Taub v. Taub*, *supra*, 413 B.R. at 91, citing *In re Nat'l Eastern Corp.*, 391 B.R. 663, 669 (Bankr.D.Conn. 2008); *see also In re Thompson McKinnon Securities, Inc. v. McKinnon Securities, Inc.*, 161 B.R. 98, 100 (1993).

Moreover, similar to *In re Fairpoint Commc'ns, Inc.*, the "[c]ourt's abstention would not amount to abdication of any critical role in the administration of the estate. [Since][a] plan has already been confirmed and at least with regard to Concord, FairPoint has reserved the full value of Concord's priority tax claims." *In re Fairpoint Commc'ns, Inc.*, 462 B.R. 75, 85–86 (Bankr. S.D.N.Y. 2012). This case is in a similar posture, and this Adversary Proceeding bears little to no relation to the main bankruptcy action. Additionally, the alleged debt has been confirmed in the main bankruptcy case. Therefore, even if the Court were to abstain, it would not affect the administration of the bankruptcy. Since this Adversary Proceeding is unrelated and completely separate and remote from the main bankruptcy action, this factor again weighs in favor of granting Defendants' Motion and the Court abstaining from this matter.

7

### F. The Seventh Factor Weighs In Favor Of Abstention

The seventh factor considers "the substance rather than the form of an asserted core proceeding." *In re WP Realty Acquisition III LLC*, *supra*, 626 B.R. at 162. As has been noted, this Adversary Proceeding is a non-core proceeding. which deals solely with a contract dispute and does not "impact[] core bankruptcy functions such as the debtor's reorganization." *In re WP Realty Acquisition III LLC*, *supra*, 626 B.R. at 159, citing *In re U.S. Lines, Inc.*, 197 F.3d 631, 638 (2d Cir. 1999). Additionally, the "potential ramifications are insufficient to render the claims that have been asserted against the non-debtor Defendants "related to" Debtor's bankruptcy proceeding." *Gen. Elec. Cap. Corp. v. Por-Fac Coop., Inc.*, 2002 WL 1300054, at *2 (S.D.N.Y. June 11, 2002). Plaintiff fails to refute these points and therefore concedes them. As such, the seventh factor also weighs in favor of abstention and granting this Motion.

### G. The Eighth Factor Weighs In Favor Of Abstention

The eighth factor considers whether the issues in the Adversary Proceeding "may be severed from the core bankruptcy matters, so that judgment may be entered in state court with enforcement to be carried out in this forum." *Taub v. Taub*, *supra*, 413 B.R. at 94; *see also Allstate Ins. Co. v. Ace Sec. Corp.*, 2011 WL 3628852, at *10 (S.D.N.Y. Aug. 17, 2011) (stating "[w]hile federal district courts naturally possess expertise in applying federal law, ***this advantage dissipates for cases alleging exclusively state claims***") (emphasis added). Here, the Adversary Proceeding concerns exclusively state claims ***that have little to no impact on the main bankruptcy***. As such, this Adversary Proceeding can easily be severed from the core bankruptcy matter. Therefore, this factor also ways in favor of abstention and the Motion should be granted.

### H. The Twelfth Factor Weighs In Favor Of Abstention

The twelfth factor considers the "presence of non-debtor parties." *In re WP Realty*

8

*Acquisition III LLC*, supra, 626 B.R. at 162. Here, the Defendant, Engelman, is a non-debtor party and therefore this factor weighs in favor of abstention. *See Taub v. Taub*, 413 B.R. at 95 (where all defendants were non-debtor and therefore this factor weighed in favor of abstention); *see also In re Int'l Tobacco Partners, Ltd.*, 462 B.R. 378, 394 (Bankr. E.D.N.Y. 2011) (this factor weighed in favor of permissive abstention where multiple non-debtor parties were involved). Plaintiff claims that all parties must be non-debtors for abstention to be granted, but does not provide proof of this assertion and is just plainly mistaken. *See* Plaintiff's Opposition, D.E. 12, p. 7. In fact, the case cited by Plaintiff, *In re Residential Cap.*, does not state that all parties must be non-debtors. Instead, there the court discussed a case where a proceeding between two non-debtors would have no impact on the main bankruptcy matter. *See In re Residential Cap., LLC*, 515 B.R. 52, 67–68 (Bankr. S.D.N.Y. 2014). However, the court did not state that regarding the twelfth factor, all parties must be non-debtors.

Additionally, *In re Int'l Tobacco Partners, Ltd.*, while some parties were non-debtors, not all parties were non-debtors and the court abstained. *See In re Int'l Tobacco Partners, Ltd., supra*, 462 B.R. at 394. Yet, the Court still found, at least in part, that abstention was appropriate. Here, non-debtor Defendant is being brought to bankruptcy court relating to an isolated and distinct contract claim and possible fraud. Therefore, this factor also weighs in favor of abstention and the Motion must be granted.

**I. Defendant's Analysis Of The Factors Demonstrates That The Motion Should Be Granted**

As has been demonstrated, factors one, two, five, six, seven, eight and twelve all weigh in favor of abstention. "[P]ermissive abstention is 'left to the bankruptcy court's discretion . . . [and] can be warranted 'in the interest of justice, or in the interest of comity with State courts or respect for State Law.' " *In re Int'l Tobacco Partners, Ltd., supra*, 462 B.R. at 394, citing *Luan*

9

*Inv. S.E. v. Frankling 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d. 223, 232 (2d Cir. 2002), quoting 28 U.S.C. § 1334(c)(1).  Here, although the Court is able to adjudicate matters of contract and fraud, this Adversary Proceeding has little to no relevance to bankruptcy, let alone the main bankruptcy matter.  Therefore, in the interest of justice and comity, the Motion should be granted and this Court should abstain from hearing this case.

## CONCLUSION

For the foregoing reasons, Defendant Alexander Engelman respectfully requests that the Court issue an Order: a) granting the Motion for Abstention in its entirety; and b) granting any other and further relief the Court deems just and proper.

Dated: New York, New York
March 21, 2024

                 **TWERSKY PLLC**

           By: */s/ Aaron Twersky*
               Aaron Twersky, Esq.
               Ilana Neufeld, Esq.
               Mia Guttmann, Esq.
               747 Third Avenue, 32nd Floor
               New York, New York 10017
               (212) 425-0149
               atwersky@twerskylaw.com
               ineufeld@twerskylaw.com
               mguttmann@twerskylaw.com

               *Attorneys for Defendant*
               *Alexander Engelman*

To:

All Counsel (via ECF)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                    Chapter 11

ALL YEAR HOLDINGS LIMITED,                                                Case No.: 21-12051 (MG)

                           Debtor.
------------------------------------------------------------------------x  Adversary Proceeding No:
AYH WIND DOWN LLC, through OFER TZUR and                                  23-01196-mg
AMIR FLAMER, solely in their joint capacity as
Claims Administrator,

                        Plaintiff,
      -against-

ALEXANDER M. ENGELMAN,

                        Defendant.
------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT OF
DEFENDANT ALEXANDER ENGELMAN'S MOTION FOR ABSTENTION**

**TWERSKY PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149

*Attorneys for Defendant Alexander Engelman*