UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:                                                                                      Chapter 11

ALL YEAR HOLDINGS LIMITED,                                     Case No.: 21-12051 (MG)

                                Debtor.
-----------------------------------------------------------------------x   Adversary Proceeding No:
AYH WIND DOWN LLC, through OFER TZUR and              23-01196-mg
AMIR FLAMER, solely in their joint capacity as
Claims Administrator,

                          Plaintiff,                       **ORAL ARGUMENT**
          -against-                                                  **REQUESTED**

ALEXANDER M. ENGELMAN,

                          Defendant.
-----------------------------------------------------------------------x

# MEMORANDUM OF LAW IN OPPOSITION TO
# PLAINTIFF'S MOTION TO AMEND THE ADVERSARY COMPLAINT

                                            **TWERSKY PLLC**
                                            747 Third Avenue, 32nd Floor
                                            New York, New York 10017
                                            (212) 425-0149

                                            *Attorneys for Defendant Alexander Engelman*

Of Counsel:
    Aaron Twersky, Esq.
    Ilana Neufeld, Esq.

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ...................................................................................................ii

**BACKGROUND AND FACTS** ............................................................................................. 2

**LAW AND ARGUMENT**

**POINT I**

**PLAINTIFF'S MOTION WAS NOT BROUGHT
TIMELY AND THEREFORE IT MUST BE DENIED** ............................................... 3

**POINT II**

**THE STANDARD FOR GRANTING
A MOTION TO AMEND THE COMPLAINT** ............................................................ 3

**POINT III**

**PLAINTIFF'S MOTION TO AMEND THE COMPLAINT MUST BE DENIED** ... 4

    **A.** Plaintiff's Claims In the Amended Complaint Are
    Futile And Therefore The Motion Must Denied ...................................................... 4

        **1.** Fraudulent Transfer Under N.Y. Debtor & Creditor Law §273 ....................... 5

        **2.** Unjust Enrichment ............................................................................................ 9

        **3.** Money Had And Received ............................................................................ 11

    **B.** If The Amended Complaint Is Allowed To Be Filed,
    Defendant Will Be Unduly Prejudiced ................................................................ 13

    **C.** Plaintiff is Seeking To Amend The Complaint In Bad Faith
    And With Dilatory Motive; Therefore The Motion Must Be Denied .................. 14

**CONCLUSION** ....................................................................................................................14

# **TABLE OF AUTHORITIES**

**CASES**

*Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, 731 F.2d 112 (2d Cir. 1984)..10, 11

*Agerbrink v. Model Services LLC, et al.*, 155 F. Supp. 3d 448 (S.D.N.Y. 2016) ......................... 12

*Ansam Associates, Inc. v. Cola Petroleum, Inc.*, 760 F.2d 442 (2d Cir. 1985) ........................ 4, 13

*Citadel Mgmt., Inc. v. Telesis Tr., Inc.*, 123 F. Supp. 2d 133 (S.D.N.Y. 2000) ............................. 9

*Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382 (1987) ............................................ 9

*Crippen v. Town of Hempstead,* 2009 U.S. Dist. LEXIS 24820, n.1 (E.D.N.Y. Mar. 25, 2009) ... 4

*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................................... 4

*Henry v. Murphy*, 2002 U.S. Dist. LEXIS 227, (S.D.N.Y. Jan. 8, 2002), *aff'd*, 50 F. Appx.55 (2d Cir. 2002) ................................................................................................................................ 12

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132 (2009) .................................... 9

*In re CIL Ltd.*, 582 B.R. 46 (Bankr. S.D.N.Y. 2018) ............................................................ 8, 9, 10

*In re Sharp Int'l Corp.*, 403 F.3d 43 (2d Cir. 2005) .................................................................. 6, 7

*Kim v. Yoo*, 311 F.Supp.3d 598 (S.D.N.Y. 2018) ...................................................................... 6, 7

*Mars Adver. Europe Ltd. v. Young & Rubicam, Inc.*, 2013 WL 1790896, (S.D.N.Y. Apr. 24, 2013 ................................................................................................................................................ 8

*McCarthy v. The Dun & Bradstreet Corp., et al.*, 482 F.3d 184 (2d Cir. 2007) .................. 3, 4, 11

*Miller v. Schloss*, 218 N.Y. 400 (1916) ................................................................................. 10, 11

*Oneida Indian Nation of New York State v. County of Oneida*, 199 F.R.D. 61 (N.D.N.Y. 2000) 12

*Panther Partners Inc. v. Ikanos Communications, Inc., et al.*, 347 Fed. Appx. 617 (2d Cir. 2009) 3

*Parsa v. State*, 64 N.Y.2d 143 (1984) ......................................................................................... 10

23-01196-mg    Doc 27    Filed 12/09/24    Entered 12/09/24 20:06:03    Main Document
                                         Pg 4 of 20

*PI, Inc. v. Quality Products, Inc.*, 907 F. Supp. 752 (S.D.N.Y. 1995) .......................................... 13

*Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, (2d Cir. 1991) ................................................. 4

*The American Medical Association, et al. v. United Healthcare Corporation, et al.*, 2006 U.S.
   Dist. LEXIS 93864 (S.D.N.Y. Dec. 29, 2006) ........................................................................ 13

*United States v. Watts*, 786 F.3d 152 (2d Cir. 2015) ................................................................. 6, 7

*Williams v. Citigroup Inc.*, 659 F.3d 208 (2d Cir. 2011) ................................................................ 4

*Zahra v. Town of Southold,* 48 F.3d 674, 686 (2nd Cir. 1995) ....................................................... 4

**STATUTES**

F.R.C.P. 12(b)(6) ............................................................................................................................. 4

F.R.C.P. 15(a)(2) ............................................................................................................................. 3

N.Y. Debtor & Creditor Law ("DCL") § 273 ....................................................................... 5, 6, 7, 8

Twersky PLLC
747 Third Avenue, 32nd Floor
New York, New York 10017
Telephone: (212) 425-0149
Aaron Twersky, Esq.
Ilana Neufeld, Esq.

*Counsel for Defendant Alexander Engelman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ALL YEAR HOLDINGS LIMITED, | Case No.: 21-12051 (MG) |
| Debtor. | |
| ------------------------------------------x | Adversary Proceeding No: |
| AYH WIND DOWN LLC, through OFER TZUR and AMIR FLAMER, solely in their joint capacity as Claims Administrator, | 23-01196-mg |
| Plaintiff, | **ORAL ARGUMENT** |
| -against- | **REQUESTED** |
| ALEXANDER M. ENGELMAN, | |
| Defendant. | |

------------------------------------------------------------------------x

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND THE ADVERSARY COMPLAINT**

**INTRODUCTION**

Defendant Alexander Engelman ("Engelman" or "Defendant") files this Opposition to Plaintiff AYH Wind Down LLC's ("Plaintiff") Motion to Amend the Adversary Complaint ("Motion"). In deciding whether to grant or deny a motion to amend, the Court must examine multiple factors, including undue prejudice against the non-moving party and futility. Though in the Motion, Plaintiff presents a laundry list of reasons why it believes the Motion should be

1

granted and it should be allowed to file the First Amended Adversary Complaint, PACER Doc. 25-1 ("Amended Complaint"), each and every argument falls flat. Accordingly, as will be shown below, Plaintiff's Motion to Amend the Adversary Complaint must be denied in its entirety.

## BACKGROUND AND FACTS

This action began on or about November 10, 2023, with the filing of the adversary complaint in the United States Bankruptcy Court, Southern District of New York, by Plaintiff on behalf of Debtor All Year Holdings Limited ("Debtor"), against Defendant Engelman ("Complaint"). *See* Complaint, PACER Doc. 1. In the Complaint, Plaintiff alleges that in 2017, Defendant executed a promissory note in favor of Debtor ("Note"), evidencing a loan in the amount of $3,000,000.00 ("Loan"). *See* Complaint, PACER Doc. 1, ¶¶ 12-13. Plaintiff claims that Engelman never repaid the Note and that he now owes Plaintiff $6,012,500.00, which includes the principal and interest. *See* Complaint, PACER Doc. 1, ¶ 17. Engelman admits that he borrowed $3,000,000.00 from Debtor, but denies ever executing the Note. He further affirms that he repaid the Loan within a few months. *See* Affidavit of Alexander Engelman, ("Engelman Aff."), ¶¶ 16-18.

On or about February 15, 2024, Defendant filed his Answer ("Answer"). *See* Answer, PACER Doc. 10. On that date, Defendant also filed a Motion to Abstain, which was ultimately denied. *See* Motion to Abstain, PACER Docs. 11-13; *see also* Court Order dated March 26, 2024, PACER Doc. 14. Discovery has been ongoing in this matter and following depositions, Plaintiff has brought this Motion to Amend the Adversary Complaint, requesting to file the Amended Complaint. *See* Motion to Amend the Adversary Complaint, PACER Docs. 25-26. However, the Amended Complaint is improper, and to allow any amended pleading at this stage

2

of this case would be inappropriate. For the reasons stated below, Plaintiff's Motion must be denied and the First Amended Adversary Complaint cannot be filed.

## LAW AND ARGUMENT

### POINT I

### PLAINTIFF'S MOTION WAS NOT BROUGHT TIMELY AND THEREFORE IT MUST BE DENIED

As an initial matter, the Motion was not brought timely and therefore must be denied. The Court's original deadline to file a motion to amend the pleadings in this action was May 25, 2024. *See* Case Management and Scheduling Order #1, PACER Doc. 15. Plaintiff requested an extension of that deadline, and asked to file its Motion to Amend on or before November 15, 2024, which the Court granted. *See* Endorsed Letter, PACER Doc. 24. However, despite this, Plaintiff did not file its Motion until November 18, 2024, after the Court's extension. Accordingly, the Motion was not timely and for this reason alone it must be denied.

### POINT II

### THE STANDARD FOR GRANTING A MOTION TO AMEND THE COMPLAINT

The standard for determining a Motion to Amend in Bankruptcy Court can be found in Federal Rule of Civil Procedure ("F.R.C.P.") 15(a)(2), made applicable through the Federal Rule of Bankruptcy Procedure 7015, which states: "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* F.R.C.P. 15(a)(2). The Rule goes on to state that, "[t]he court should freely give leave when justice so requires." *See* F.R.C.P. 15(a)(2). While this rule has been applied liberally, there "is no rule that every request to amend must be granted." *Panther Partners Inc. v. Ikanos Communications, Inc., et al.*, 347 Fed. Appx. 617, 620 (2d Cir. 2009). Further, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. The Dun & Bradstreet Corp., et al.*, 482 F.3d 184, 200 (2d

3

Cir. 2007); *see also Zahra v. Town of Southold,* 48 F.3d 674, 686 (2nd Cir. 1995) (upholding denial of motion to amend); *see also Ansam Associates, Inc. v. Cola Petroleum*, *Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (same). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. The Dun & Bradstreet Corp.*, *et al.*, *supra*, 482 F.3d at 200; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, Plaintiff's Motion must be denied because Plaintiff's new claims in the Amended Complaint are futile, Defendant will incur undue prejudice if the amendment is allowed to be filed, and the amended claims are made in bad faith and with dilatory motive. Accordingly, the Motion must be denied.

## POINT III

## PLAINTIFF'S MOTION TO AMEND THE COMPLAINT MUST BE DENIED

### A. Plaintiff's Claims In the Amended Complaint Are Futile And Therefore The Motion Must Be Denied

"It is well established that leave to amend need not be granted . . . where the proposed amendment would be futile." *Williams v. Citigroup Inc*., 659 F.3d 208, 214 (2d Cir. 2011) (internal quotations omitted). "[T]he standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss–namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." *Crippen v. Town of Hempstead,* 2009 U.S. Dist. LEXIS 24820, at *1, n.1 (E.D.N.Y. Mar. 25, 2009); *see also Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991). Here, Plaintiff's added claims in the Amended Complaint would certainly be futile, and could not withstand a Rule 12(b)(6) motion. Therefore, the Court should deny the Motion and not allow Plaintiff leave to amend the Complaint.

4

1. **Fraudulent Transfer Under N.Y. Debtor & Creditor Law § 273**

The first new cause of action added to the Amended Complaint is fraudulent transfer under N.Y. Debtor & Creditor Law ("DCL") § 273. *See* Amended Complaint, PACER Doc. 25-1, ¶¶ 23-55. However, Plaintiff's allegations and statements under this cause of action are nonsensical and difficult to understand. It seems that Plaintiff is alleging that the way in which Engelman repaid the Loan – by waiving and crediting dividends and returns he was entitled to as a partner of Yoel Goldman, Debtor's principal ("Goldman"), in select real estate investments – was in actuality a fraudulent transfer made by Goldman, not Engelman, the Defendants in this matter. *See* Amended Complaint, PACER Doc. 25-1, ¶¶ 24-25, 28-29, 42-44, 50. However, one has to break their teeth in order to actually understand this pleading. While Plaintiff's Loan repayment narrative may be true, its allegation that this constitutes a fraudulent transfer is legally and factually not. In any case, Plaintiff's confusing and poorly written cause of action for fraudulent transfer under DCL § 273 fails, since Plaintiff's pleading does not meet the elements of this statute.

In the Amended Complaint, Plaintiff asserts that, "[i]n defense to his repayment obligation under the Note, Mr. Engelman claims that the balance of the Note was reduced each time he was entitled to "distributions" from the business activity surrounding certain investment properties, such that his obligations were eventually extinguished. Mr. Engelman's defense is based off of agreements with Yoel Goldman, executed in either 2013 or 2014, which, according to Mr. Engelman, entitle him to certain profits realized from various investment properties with Mr. Goldman." *See* Amended Complaint, PACER Doc. 25-1, ¶¶ 24-25. Plaintiff goes on to allege that, "if in fact Mr. Goldman caused the Debtor to reduce Mr. Engelman's loan balance, it represented the Debtor transferring something for nothing because the Debtor never owed Mr.

5

Engelman those distributions." *See* Amended Complaint, PACER Doc. 25-1, ¶ 49.

Though Plaintiff claims that these acts constitute fraudulent transfers, in actuality this is not the case and this amendment fails under DCL § 273. *See* Amended Complaint, PACER Doc. 25-1, ¶ 50. DCL § 273 was amended on April 4, 2020, but since the transactions at issue in this case took place before that, in 2017 and 2018 (*see* Amended Complaint, PACER Doc. 25-1, ¶ 45) the prior statute governs[1], which states:

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

*See* DCL § 273.[2]

"The Second Circuit has instructed that a conveyance is deemed constructively fraudulent under DCL Section 273 only if two separate elements are satisfied: first, it is made without fair consideration, and second, the transferor is insolvent or will be rendered insolvent by the transfer in question." *Kim v. Yoo*, 311 F.Supp.3d 598, 610-611 (S.D.N.Y. 2018), *aff'd*, 776 Fed. Appx. 16 (2d Cir. 2019) (internal quotations and citations omitted); *see also United States v. Watts*, 786 F.3d 152, 164 (2d Cir. 2015); *see also In re Sharp Int'l Corp.*, 403 F.3d 43, 53 (2d Cir. 2005). Here, Plaintiff fails to satisfy the elements of DCL § 273, and therefore allowing this amendment would be futile. Additionally, the transfers that Plaintiff claims are "fraudulent" are actually not fraudulent and as will be explained below, were legitimate distributions owed to Engelman, as a

---

[1]     *See Saadeh v. Kagan*, 2021 WL 5827942, at *3 (S.D.N.Y. Oct. 20, 2021), report and recommendation adopted, 2021 WL 5827653 (S.D.N.Y. Dec. 8, 2021), superseded, 2022 WL 624554 (S.D.N.Y. Mar. 3, 2022), report and recommendation adopted, 2022 WL 624554 (S.D.N.Y. Mar. 3, 2022) ("in December 2019, the New York State Legislature repealed the original Article 10 of New York's Debtor and Creditor Law (which included DCL §§ 270–281) and implemented the Uniform Voidable Transactions Act as the new Article 10, which took effect on April 4, 2020 . . . the pre-amendment version of Article 10 is operative here because the new law does not apply to a transfer made or obligation incurred before [the act's] effective date, [April 4, 2020], nor shall it apply to a right of action that has accrued before such effective date") (internal quotations and citations omitted); *see also* Ray v. Ray, 2021 WL 1164655, at *4 (S.D.N.Y. Mar. 25, 2021).

[2]     All references to DCL § 273 which was in effect prior to April 4, 2020.

6

partner in various investments of Goldman's. *See* Engelman Aff., ¶¶ 8-18.

The first element of DCL § 273 is that the conveyance must be made without fair consideration. *See Kim v. Yoo*, *supra*, 311 F.Supp.3d at 610-611; *see also United States v. Watts*, *supra*, 786 F.3d at 164; *see also In re Sharp Int'l Corp.*, *supra*, 403 F.3d at 53. In the Amended Complaint, Plaintiff claims that "Engelman never provided, either to Mr. Goldman or the Debtor, any consideration for his purported shares of profits in Mr. Goldman's real estate properties." *See* Amended Complaint, PACER Doc. 25-1, ¶ 26. However, this is simply false, as there was consideration paid for the shares of profits. Though Plaintiff incorrectly claims that "Debtor transfer[ed] something for nothing," the consideration provided was Engelman's investment into each of Goldman's entities which owned each of the investment properties. *See* Amended Complaint, PACER Doc. 25-1, ¶ 49; *see also* Engelman Aff., ¶¶ 5-11, 15.

One such example of this is Engelman's investment with Goldman relating to 82 Jefferson Street, in Brooklyn, New York. *See* Engelman Aff., ¶ 8. In or about 2014, Goldman approached Engelman and asked if he wanted to partner with him to purchase the property located at 82 Jefferson Street (the "Property"). *See* Engelman Aff., ¶ 9. Engleman agreed, and along with his wife and his wife's parents, Zelda and Moises Engelman, invested with Goldman to purchase this Property. *See* Engelman Aff., ¶ 10. In or about May-December 2014, Engleman, with his wife and her parents, provided Goldman with approximately $1,830,000.00, as their capital contribution into this investment to purchase the Property. *See* Engelman Aff., ¶ 11. On or about March 9, 2017, Rachel Klein, Goldman's bookkeeper, emailed Engelman a confirmation of this investment ("Email"). *See* Engelman Aff., ¶ 12. A true and correct copy of the Email is attached as Exhibit A to the Engelman Aff.

Also attached to the Email was Debtor's QuickBooks Account QuickReport for 82

7

Jefferson LLC ("QuickReport"), which shows Engelman and his family's investment. *See* Engelman Aff., ¶ 13. The QuickReport is attached as Exhibit B to the Engelman Aff. Some of the money for the investment was sent from a bank account of Engelman, for another entity he owned, named 836 Broadway LLC. *See* Engelman Aff., ¶ 14. A true and correct copy of the bank statement for 836 Broadway LLC, showing some of the money sent to Goldman for this investment, is attached as Exhibit C to the Engelman Aff. In exchange for their investment of $1,830,000.00, Engleman, his wife and her parents received 50% membership interest in 82 Jefferson LLC, the entity that purchased the Property, as seen on the K1s provided to them each year ("82 Jefferson LLC K1s"). *See* Engelman Aff., ¶ 15. True and correct copies of the 82 Jefferson LLC K1s provided in the years 2016-2023 are attached as Exhibit D to the Engelman Aff.[3]

Since Goldman and Engelman were acquaintances and business partners, on or around March 9, 2017, Engelman Goldman to borrow $3,000,000.00 (the "Loan"), which Goldman extended to Engelman. *See* Engelman Aff., ¶ 16. The Loan was paid back within a few months, as Engelman told Goldman that instead of sending him the various distributions owed to him (due to his investment into 82 Jefferson LLC and other deals with Goldman), he should instead credit the Loan balance. *See* Engelman Aff., ¶ 17. Instead of being paid his distributions, the money owed to Engelman was instead applied towards paying back the Loan, until the Loan was paid back in full. *See* Engelman Aff., ¶ 18. The Property located at 82 Jefferson Street is just one example of Engelman's joint investments with Goldman. *See* Engelman Aff., ¶ 19.

---

[3] As stated, Engelman invested into the Property with his wife, Zelda Engelman, his father-in-law, Moises Spielman and his mother-in-law, Edith Spielman. Accordingly, the K1s were provided to 82 Jefferson Holdings LLC, which in 2016-2019 was 67.5% owned by Engelman's wife, Zelda Engelman and 32.5% by his father-in-law, Moises Spielman, and in 2020-2023 was 67.5% owned by Alexander Engelman and 32.5% owned by his mother-in-law, Edith Spielman. True and correct copies of the K1s for 82 Jefferson Holdings LLC, from 2016-2023, are attached as Exhibit E to the Engelman Aff. *See* Engelman Aff., fn. 1.

8

***Therefore, it is pure fiction for Plaintiff to say that the distributions were made without any consideration***. It is clear these transfers were made with adequate consideration and therefore they cannot be considered fraudulent under DCL § 273. *See* Engelman Aff., ¶¶ 8-19.

The second element for a proper claim under DCL § 273 is that the transferor had to be insolvent when making the transfer or would become insolvent because of the transfer. *See Kim v. Yoo*, *supra*, 311 F.Supp.3d at 610-611; *see also United States v. Watts*, *supra*, 786 F.3d at 164; *see also In re Sharp Int'l Corp.*, *supra*, 403 F.3d at 53. In this action, the transfers in question took place well before the Debtor or Goldman became insolvent. As Plaintiff admits, the transfers took place in 2017 and 2018, well before Debtor filed for bankruptcy. *See* Amended Complaint, PACER Doc. 25-1, ¶ 45. Additionally, Plaintiff also admits that the "Secret Partnership Agreement . . . predates the Debtor's existence." *See* Amended Complaint, PACER Doc. 25-1, ¶ 48. By Plaintiff's own admissions, these transfers were not made when Goldman was insolvent, let alone when Debtor even existed. Therefore, they could not render Goldman or Debtor insolvent. Once again, Plaintiff's own amendments make no sense, and its own statements belie its allegations. Therefore, the insolvency element of DCL § 273 is also not met in Plaintiff's Amended Complaint.

Because the Amended Complaint does not allege a proper claim under DCL § 273, as neither of the elements are met, it is clear this cause of action would be futile if allowed. Accordingly, Plaintiff's Motion must be denied, and it cannot be granted leave to amend.

**2. <u>Unjust Enrichment</u>**

The next new cause of action added in the Amended Complaint is unjust enrichment. *See* Amended Complaint, PACER Doc. 25-1, ¶¶ 56-61. Under New York law, "[t]he essence of unjust enrichment is that one party has received money or a benefit at the expense of another."

9

*In re CIL Ltd.*, 582 B.R. 46, 123 (Bankr. S.D.N.Y. 2018).  To establish a claim for unjust enrichment, a plaintiff must show, "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *In re CIL Ltd.*, *supra*, 582 B.R. at 123.  The doctrine of unjust enrichment is a viable form of recovery in equity, but only ***when a contractual relationship is absent***.  See *Mars Adver. Europe Ltd. v. Young & Rubicam, Inc.*, 2013 WL 1790896, at *10 (S.D.N.Y. Apr. 24, 2013).  Under New York law, "[t]he existence of a contract between parties to a dispute ordinarily ***precludes recovery for unjust enrichment for events arising out of the same subject matter as the contract***." *Mars Adver. Europe Ltd. v. Young & Rubicam, Inc.*, *supra*, 2013 WL 1790896, at *10 (emphasis added), citing *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (2009).  Unjust enrichment invokes an "obligation imposed by equity to prevent injustice, in the ***absence of an actual agreement between the parties concerned***."  *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, *supra*, 12 N.Y.3d at 142 (emphasis added); *see also Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 388 (1987).

In this case, there is certainly a contractual relationship between the parties, which makes the claim of unjust enrichment futile.  Plaintiff and Defendant agree that in 2017, Defendant Engelman borrowed $3,000,000.00 from Debtor, and that Defendant repaid the Loan within a few months.  *See* Complaint, PACER Doc. 1, ¶¶ 12-13; *see also* Engelman Aff., ¶¶ 16-18.  It is black letter law that a loan of money is "a contract by which one delivers a sum of money to another and the latter agrees to return at a future time a sum equivalent to that which he borrows."  *Citadel Mgmt., Inc. v. Telesis Tr., Inc.*, 123 F. Supp. 2d 133, 150 (S.D.N.Y. 2000).  Therefore, the Loan constitutes a contract between the parties and accordingly, Plaintiff is

10

precluded from even bringing a claim for unjust enrichment. Moreover, Plaintiff does not meet the elements needed to plead unjust enrichment.

The first element of unjust enrichment is "that the other party was enriched." *See In re CIL Ltd.*, *supra*, 582 B.R. at 123. Since there was a contract between Engelman and Goldman in the form of the Loan, Engelman could not have been enriched, as he was required to pay back the Loan. Therefore, without Engelman being enriched, the first element is not met. The second element for unjust enrichment is that the enrichment is "at that party [Plaintiff]'s expense." *In re CIL Ltd.*, *supra*, 582 B.R. at 123. Again, since there is a contract in the form of the Loan here, there can be no enrichment at Plaintiff's expense, because Plaintiff agreed to extend the Loan to Engelman. Therefore, this second element is not met.

The last element for a claim of unjust enrichment is "that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *In re CIL Ltd.*, *supra*, 582 B.R. at 123. As established, this last element is also not met because Engelman paid back the Loan, and did not unjustly keep the money. *See* Complaint, PACER Doc. 1, ¶¶ 12-13; *see also* Engelman Aff., ¶¶ 17-18. The existence of a contract, in the form of the Loan, precludes Plaintiff from meeting the three elements for a claim of unjust enrichment. Accordingly, the claim for unjust enrichment in the Amended Complaint cannot withstand a motion to dismiss. Therefore, Plaintiff's claim for unjust enrichment in the Amended Complaint is futile, and Plaintiff's Motion must be denied.

### 3. Money Had And Received

The last cause of action added in the Amended Complaint is money had and received. *See* Amended Complaint, PACER Doc. 25-1, ¶¶ 62-67. Under New York law, a cause of action for money had and received is established where: "(1) defendant received money belonging to

plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money." *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, 731 F.2d 112, 125 (2d Cir. 1984), citing *Miller v. Schloss*, 218 N.Y. 400, 407 (1916). Although this kind of claim has been recognized as an action in implied contract, the New York Court of Appeals has explained that this description is a misnomer, "as it is not an action founded on contract at all." *Parsa v. State*, 64 N.Y.2d 143, 148 (1984). Rather, money had and received "is an obligation which the law creates in the ***absence of agreement*** when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another." *Parsa v. State*, *supra*, 64 N.Y.2d at 148. In this case, once again, the existence of the Loan between Plaintiff and Defendant establishes a contract between the parties and precludes Plaintiff from meeting the elements for a claim for money had and received.

The first element of this cause of action requires the defendant to receive money belonging to plaintiff. *See Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, *supra*, 731 F.2d at 125; *see also Miller v. Schloss*, *supra*, 218 N.Y. at 407. This element is not met because a contract existed, which provided for Defendant to receive money from Plaintiff in the form of the Loan, which Defendant was required to repay. Therefore, Defendant did not receive money belonging to Plaintiff, but rather received money that Defendant was entitled to receive. The second element is that the defendant benefitted from the receipt of money. *See Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, *supra*, 731 F.2d at 125; *see also Miller v. Schloss*, *supra*, 218 N.Y. at 407. While here, Defendant did receive money from Plaintiff, it was in the form of a Loan which Defendant was required to repay, and which Defendant did repay. *See* Engelman Aff., ¶¶ 16-18. Accordingly, Defendant did not benefit

12

from the receipt of money, as it was paid back and this element is not met.

The third element is that "under principles of equity and good conscience, defendant should not be permitted to keep the money." *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, *supra*, 731 F.2d at 125; *see also Miller v. Schloss*, 218 N.Y. at 407. This third element is also not met, because **Defendant did not keep the money** he was loaned, but paid it all back. *See also* Engelman Aff. ¶¶ 16-18. Therefore, like the claim of unjust enrichment, the contract between the parties in the form of a Loan, precludes Plaintiff from bringing a claim for money had and received. Accordingly, this cause of action is also futile and Plaintiff must not be given leave to file the Amended Complaint. Plaintiff's Motion must be denied.

**B. If The Amended Complaint Is Allowed To Be Filed, Defendant Will Be Unduly Prejudiced**

As shown above, all of Plaintiff's proposed amendment would be futile. Additionally, if the non-moving party will be unduly prejudiced by an amended filing, the Court must deny a motion to amend. *See McCarthy v. The Dun & Bradstreet Corp., et al.*, *supra*, 482 F.3d at 200. To determine if there is a claim of undue prejudice the " 'inquiry involves a balancing process,' weighing any potential prejudice to the opposing party against the prejudice that the moving party would experience if the amendment were denied." *Agerbrink v. Model Services LLC, et al.*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016), quoting *Oneida Indian Nation of New York State v. County of Oneida*, 199 F.R.D. 61, 77 (N.D.N.Y. 2000). "The non-moving party bears the burden of demonstrating that substantial prejudice would result were the proposed amendment to be granted." *Agerbrink v. Model Services LLC, et al.*, *supra*, 155 F. Supp. 3d at 454 (internal quotations omitted). Further, "prejudice occurs if the opposing party would experience undue difficulty in defending a lawsuit because of a change in tactics or theories on the part of the movant." *Henry v. Murphy*, 2002 U.S. Dist. LEXIS 227, at *5 (S.D.N.Y. Jan. 8, 2002), *aff'd*, 50

13

F.Appx. 55 (2d Cir. 2002).

In this case, granting Plaintiff's Motion would unduly prejudice Defendant and therefore it must be denied. In the Amended Complaint, Plaintiff is asserting three new causes of action, based on testimony given at a deposition held during the discovery phase of this case. However, this Motion was filed less than one month before the close of discovery, which is set close this week, on December 12, 2024. *See* Endorsed Letter, PACER Doc. 24. Furthermore, this discovery deadline has already been extended multiple times. If the Motion is granted, it would greatly prejudice Defendant, as he (and Plaintiff) will not have enough time to do adequate discovery on the new causes of action. If the Amended Complaint is filed, it may lead to many more document requests to both parties, more depositions and perhaps a complete change of strategy. This would certainly unduly prejudice Defendant, with so much to do in such a short time frame. Accordingly, because allowing the amendment would be unduly prejudicial to Defendant, the Motion must be denied.

### C. Plaintiff Is Seeking To Amend The Complaint In Bad Faith And With Dilatory Motive; Therefore The Motion Must Be Denied

Moreover, "[u]nder Rule 15(a) as construed by the Supreme Court in *Foman*, a party's dilatory motive is a legitimate basis for a court's denying that party's motion to amend a pleading." *The American Medical Association, et al. v. United Healthcare Corporation*, *et al.*, 2006 WL 3833440, at *5 (S.D.N.Y. Dec. 29, 2006). Specifically, "[w]hen it appears that leave to amend is sought in anticipation of an adverse ruling on the original claims . . . the court is free to deny leave to amend," because of the bad faith and dilatory tactics involved. *PI, Inc. v. Quality Products, Inc.*, 907 F. Supp. 752, 764 (S.D.N.Y. 1995); *see also Ansam Associates, Inc. v. Cola Petroleum, Inc.*, 760 F.2d 442, 446 (2d Cir. 1985). In *PI, Inc. v. Quality Products, Inc.*, the Southern District denied plaintiff's motion for leave to amend, which was filed after

14

defendant's motion to dismiss, calling it "clearly a dilatory tactic to avoid the dismissal of this action." *PI, Inc. v. Quality Products, Inc.*, *supra*, 907 F. Supp. at 765.

Here, it is evident that this Motion is being made in bad faith and with dilatory motive. As explained above, the added claims are futile and would not withstand a motion to dismiss. Additionally, Plaintiff is seeking to amend the Complaint so close to the close of discovery, which is set to end on December 12, 2024, which is prejudicial to Defendant. Accordingly, it is clear that the Motion was brought in bad faith and therefore must be denied.

## CONCLUSION

For the reasons stated above, Defendant Alexander Engelman respectfully requests that the Court: a) deny Plaintiff AYH Wind Down LLC's Motion to Amend the Complaint in its entirety; and b) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      December 9, 2024

**TWERSKY PLLC**

By: _____
Aaron Twersky, Esq.
Ilana Neufeld, Esq.
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com

*Attorneys for Defendant Alexander Engelman*

To:

Clerk of Court (via ECF)

All Counsel (via ECF)

15

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                  Chapter 11

ALL YEAR HOLDINGS LIMITED,                                              Case No.: 21-12051 (MG)

                          Debtor.
------------------------------------------------------------------------x   Adversary Proceeding No:
AYH WIND DOWN LLC, through OFER TZUR and                                    23-01196-mg
AMIR FLAMER, solely in their joint capacity as
Claims Administrator,

                       Plaintiff,                       **ORAL ARGUMENT**
        -against-                                              **REQUESTED**

ALEXANDER M. ENGELMAN,

                       Defendant.
------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND THE ADVERSARY COMPLAINT**

**TWERSKY PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149

*Attorneys for Defendant Alexander Engelman*