UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ALL YEAR HOLDINGS LIMITED, | Case No.: 21-12051 (MG) |
| Debtor. | |

-------------------------------------------------------------------------x

| | |
|---|---|
| AYH WIND DOWN LLC, through OFER TZUR and AMIR FLAMER, solely in their joint capacity as Claims Administrator, | Adversary Proceeding No: 23-01196-mg |
| Plaintiff, | **ORAL ARGUMENT** |
| -against- | **REQUESTED** |
| ALEXANDER M. ENGELMAN, | |
| Defendant. | |

-------------------------------------------------------------------------x

**DECLARATION OF ALEXEXANDER ENGELMAN IN OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND THE ADVERSARY COMPLAINT**

I, ALEXANDER ENGELMAN, hereby declares as follows:

1. I am the Defendant ("Defendant") in this Adversary Proceeding and accordingly I am aware of the facts and circumstances surrounding this action.

2. I submit this declaration in opposition to Plaintiff AYH Wind Down LLC's Motion to Amend the Adversary Complaint ("Motion").

3. Since in or about 2009, I have had a business relationship with Debtor All Year Holdings Limited ("Debtor") and its principal, Yoel Goldman ("Goldman").

4. Often Goldman would approach me and ask if I was interested in investing with him.

5. Over the years, since approximately 2009, we have invested in many real estate ventures together.

1

6. In general, on our joint investments, I would receive returns and dividends from investments from certain properties if they were sold or refinanced.

7. Other times, I would instead re-invest the returns owed to me, into additional investments or opportunities that Goldman approached me with.

8. One such example of this is my investment with Goldman relating to 82 Jefferson Street, in Brooklyn, New York.

9. In or about 2014, Goldman approached me and asked if I wanted to partner with him to purchase the property located at 82 Jefferson Street (the "Property").

10. I agreed, and I, along with my wife, Zelda Engelman, my father-in-law, Moises Spielman and my mother-in-law Edith Spielman, invested with Goldman to purchase this Property.

11. In or about May-December 2014, we provided Goldman with approximately $1,830,000.00, as our capital contribution into this investment to purchase the Property.

12. On or about March 9, 2017, Rachel Klein, Goldman's bookkeeper, emailed me confirmation of this investment ("Email").  A true and correct copy of the Email is attached as Exhibit A.

13. Also attached to the Email was Debtor's QuickBooks Account QuickReport for 82 Jefferson LLC ("QuickReport"), which shows our investment.  The QuickReport is attached as Exhibit B.

14. Some of the money for the investment was sent from my bank account for another entity I owned, named 836 Broadway LLC.  A true and correct copy of the bank statement for 836 Broadway LLC, showing some of the money I sent to Goldman for this investment, is attached as Exhibit C.

15. In exchange for our investment of $1,830,000.00, we received 50% membership interest in 82 Jefferson LLC, the entity that purchased the Property, as seen on the K1s provided to us each year ("82 Jefferson LLC K1s"). True and correct copies of the 82 Jefferson LLC K1s provided in the years 2016-2023 are attached as Exhibit D.[1]

16. As we were acquaintances and business partners, on or around March 9, 2017, I asked Goldman to borrow $3,000,000.00 (the "Loan"), which he extended to me.

17. This Loan was paid back within a few months, as I told Goldman that instead of sending me the various distributions owed to me (due to my investment into 82 Jefferson LLC and other deals with Goldman), he should instead credit the Loan balance.

18. Instead of being paid my distributions, the money owed to me was instead applied towards paying back the Loan, until the Loan was paid back in full.

19. The Property located at 82 Jefferson Street is just one example of my joint investments with Goldman.

20. Debtor and I never executed a Promissory Note to memorialize the Loan.

**-REMAINDER OF PAGE INTENTIONALLY LEFT BLANK-**

---

[1] As stated, I invested into the Property with my wife, Zelda Engelman, my father-in-law, Moises Spielman and my mother-in-law, Edith Spielman. Accordingly, the K1s were provided to 82 Jefferson Holdings LLC, which in 2016-2019 was 67.5% owned by my wife Zelda Engelman and 32.5% by my father-in-law, Moises Spielman, and in 2020-2023 was 67.5% owned by me and 32.5% owned by my mother-in-law, Edith Spielman. True and correct copies of the K1s for 82 Jefferson Holdings LLC, from 2016-2023, are attached as Exhibit E.

3

For the foregoing reasons, Defendant Alexander Engelman respectfully requests that the Court: a) deny Plaintiff AYH Wind Down LLC's, Motion to Amend the Adversary Complaint in its entirety; and b) grant such other and further relief as the Court deems just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
ALEXANDER ENGELMAN