UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>ALL YEAR HOLDINGS LIMITED,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-12051 (MG) |
| AYH WIND DOWN LLC, through Ofer Tzur and Amir Flamer, solely in their joint capacity as Claims Administrator,<br><br>Plaintiff,<br><br>ALEXANDER M. ENGELMAN,<br><br>Defendant. | Adv. Pro. Case No. 23-01196 (MG) |

**ORDER GRANTING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT AND EXTENDING DISCOVERY**

Pending before the Court is Plaintiff's Motion to File the First Amended Complaint. ("Motion," ECF Doc. # 25.) Also pending before the Court is an issue raised by defendant Alexander Engelman's ("Engelman") counsel about his unsuccessful efforts to take the deposition of non-party Rachel Klein. (*See* Letter to Court from Aaron Twersky, Esq., dated December 10, 2024, (ECF Doc. # 28).)

The Motion was filed on November 18, 2024. Engelman filed an opposition to the Motion on December 9, 2024. ("Opposition," ECF Doc. # 27.) The reason given for the proposed amendment is that "during the deposition of Yoel Goldman ("Goldman") on October 29, 2024, Mr. Engelman presented a new defense. Specifically Mr. Engelman disclosed, for the first time, a secret 'partnership agreement,' in Yiddish, purportedly between himself and Mr. Goldman from either 2013 or 2014, that he claims entitled him to a share of the 'profits and

losses' from several of Mr. Goldman's real estate investment properties. When Mr. Goldman was asked if he ever disclosed this 'partnership agreement' to anyone at the Debtor or its creditors, Mr. Goldman invoked his Fifth Amendment rights and declined to answer." Motion at 2. During the deposition, Engelman's attorney showed Goldman the document that Engelman had *not* produced in discovery that purports to be the secret agreement between Goldman and Engelman which Engelman now asserts as a defense to this lawsuit. The agreement predates the existence of the Debtor. The proposed Amended Complaint adds claims against Engelman for fraudulent transfer under N.Y. Debtor & Creditor Law § 273 and Unjust Enrichment. The proposed First Amended Complaint properly pleads the elements of both new causes of action. The Court concludes that proposed amended complaint, filed soon after the disclosure by Engelman of the existence of the purported agreement, is timely. No trial date has been set in this action so granting the motion now will not cause prejudice to the defendant.

Federal Rule of Bankruptcy Procedure 7015 applies Federal Rule of Civil Procedure 15 to amendments of pleadings in an adversary proceeding. Absent consent (which has not been given here), "[t]he court should freely give leave where justice so requires." FED. R. CIV. P. 15(a)(2). In light of the new facts revealed for the first time during the Goldman deposition, and the assertion of a new defense by Engelman, the Court concludes that "justice" requires that plaintiff be permitted to add the two new claims. Defendant's counsel argues that leave to amend should be denied because neither of the added claims states a claim on which relief can be granted. The Court disagrees. Defendant, of course, is free to contest these claims both factually and legally. The First Amended Complaint should be filed today. In accordance with FED. R. CIV. P. 15(a)(3), a responsive pleading must be filed within 14 days after service of the amended complaint.

With respect to Mr. Twersky's efforts to take the deposition of Rachel Klein, Twersky said he served Klein with a subpoena for her deposition, but she has stopped cooperating, and he hasn't been able to depose her yet. If Klein doesn't appear for her deposition, Twersky can seek sanctions.

The parties should meet and confer regarding discovery relating to the amendments to complaint. The current case management order included a cut-off of fact discovery on December 12, 2024. (*See* Letter endorsed November 13, 2024 (ECF Doc. # 24).) Only the time for fact and expert discovery relating to these two new causes of action, and for the deposition of Rachel Klein, should be extended. The proposed amended case management scheduling order should be submitted to the Court on or before 12:00 noon, January 3, 2025.

**IT IS SO ORDERED.**

Dated:   December 18, 2024.
         New York, New York

*Martin Glenn*
MARTIN GLENN
Chief United States Bankruptcy Judge

3