Twersky PLLC
747 Third Avenue, 32nd Floor
New York, New York 10017
Telephone: (212) 425-0149
Aaron Twersky, Esq.
Ilana Neufeld, Esq.

*Counsel for Defendant Alexander Engelman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ALL YEAR HOLDINGS LIMITED, | Case No.: 21-12051 (MG) |
| Debtor. | |
| ------------------------------------------x | |
| AYH WIND DOWN LLC, through OFER TZUR and AMIR FLAMER, solely in their joint capacity as Claims Administrator, | Adversary Proceeding No: 23-01196-mg |
| Plaintiff, | **ORAL ARGUMENT REQUESTED** |
| -against- | |
| ALEXANDER ENGELMAN, | |
| Defendant. | |

------------------------------------------------------------------------x

# DEFENDANT'S MOTION TO DISMISS
# THE FIRST AMENDED ADVERSARY COMPLAINT

                                                      **TWERSKY PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149

*Attorneys for Plaintiff
Alexander Engelman*

Of Counsel:

    Aaron Twersky, Esq.
    Ilana Neufeld, Esq.

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ...................................................................................................ii

**INTRODUCTION**................................................................................................................... 1

**BACKGROUND AND FACTS** ............................................................................................. 2

**LAW AND ARGUMENT**

**POINT I**

**THE STANDARD OF LAW FOR A MOTION TO DISMISS** ................................. 3

**POINT II**

**DEFENDANT'S MOTION MUST BE GRANTED
AND THE AMENDED COMPLAINT MUST BE DISMISSED** ............................... 4

    **A.** Plaintiff's Claims In The Amended Complaint Fail Under FRCP 12(b)(6).......... 4

        **1.** The Claim For Breach Of Promissory Note Must Be Dismissed .................... 4

        **2.** The Claim For Fraudulent Transfer Under
N.Y. Debtor & Creditor Law § 276 Must Be Dismissed................................. 5

        **3.** The Alternative Claim For Unjust Enrichment Must Be Dismissed ............. 11

        **4.** The Alternative Claim For Money Had And Received Must Be Dismissed. 13

**CONCLUSION**...................................................................................................................15

# **TABLE OF AUTHORITIES**

**CASES**

*Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, 731 F.2d 112 (2d Cir. 1984) .. 13, 14

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ................................................................................... 3

*Bartholomew v. Fischl*, 782 F.2d 1148 (3d Cir. 1986) ............................................................. 3

*Citadel Mgmt., Inc. v. Telesis Tr., Inc.*, 123 F. Supp. 2d 133, (S.D.N.Y. 2000) ...................... 12

*Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382 (1987) ....................................... 12

*Crippen v. Town of Hempstead*, 2009 WL 803117, fn.1 (E.D.N.Y. Mar. 25, 2009) ................ 4

*Crotona 1967 Corp. v. Vidu Bros. Corp.*, 925 F.Supp.2d 298 (E.D.N.Y. 2013) ..................... 4

*Drenis v. Haligiannis*, 452 F.Supp.2d 418 (S.D.N.Y. 2006). ................................................. 7

*Fromer v. Yogel*, 50 F.Supp.2d 227 (S.D.N.Y.1999). ............................................................ 8

*Green Tree Servicing LLC v. Christodoulakis*, 136 F.Supp.3d 415 (E.D.N.Y. 2015) ........... 4

*Gross v. Russo*, 1 B.R. E.D.N.Y. 1979 .................................................................................. 8

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132 (2009) ............................ 12

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997) ............................... 3

*In re CIL Ltd.*, 582 B.R. 46 (Bankr. S.D.N.Y. 2018) ................................................. 11, 12, 13

*In re Michel,* 573 B.R. 46 (Bankr. E.D.N.Y. 2017) ............................................................... 11

*In re Sharp Int'l Corp.*, 403 F.3d 43 (2d Cir. 2005) ................................................................. 7

*Marine Midland v. Murkoff*, 120 A.D.2d 122 (2d Dept. 1986). .............................................. 8

*Mars Adver. Europe Ltd. v. Young & Rubicam, Inc.*, 2013 WL 1790896, (S.D.N.Y. Apr. 24, 2013) ..................................................................................................................................... 12

*MFS/Sun Life Trust High Yield Series v. Van Dusen Airport Servs. Co.*, 910 F.Supp. 913 (S.D.N.Y. 1995) ................................................................................................................ 7, 8

*Miller v. Schloss*, 218 N.Y. 400 (1916). ................................................................................. 13, 14

*Nimkoff v. Drabinsky*, 2021 WL 4480627, (E.D.N.Y. Sept. 30, 2021) ........................................... 4

*Parsa v. State*, 64 N.Y.2d 143 (1984). ............................................................................................ 14

*Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119 (2d Cir. 1991) .................................................. 4

*Seville Indus. Machinery Corp v. Southmost Machinery Corp.*, 742 F.2d 786 (3d Cir.1984) ....... 3

*Yost v. General Motors Corp.*, 651 F. Supp. 656 (D.N.J. 1986) ..................................................... 3

## STATUTES

DCL § 276 ............................................................................................................... 5, 6, 7, 8, 11

FRCP § 9(b). ...................................................................................................................... 3

FRCP § 12(b)(6). ........................................................................................................... 1, 3, 4

Twersky PLLC
747 Third Avenue, 32nd Floor
New York, New York 10017
Telephone: (212) 425-0149
Aaron Twersky, Esq.
Ilana Neufeld, Esq.

*Counsel for Defendant Alexander Engelman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ALL YEAR HOLDINGS LIMITED, | Case No.: 21-12051 (MG) |
| Debtor. | |
| -----------------------------------------------------------------------------x | |
| AYH WIND DOWN LLC, through OFER TZUR and AMIR FLAMER, solely in their joint capacity as Claims Administrator, | Adversary Proceeding No: 23-01196-mg |
| Plaintiff, | **ORAL ARGUMENT** |
| -against- | **REQUESTED** |
| ALEXANDER ENGELMAN, | |
| Defendant. | |
| -----------------------------------------------------------------------------x | |

**DEFENDANT'S MOTION TO DISMISS**
**THE FIRST AMENDED ADVERSARY COMPLAINT**

**INTRODUCTION**

Defendant Alexander Engelman ("Engelman" or "Defendant") files this Memorandum of Law in Support of his Motion, pursuant to Rule 12(b)(6), to Dismiss the First Amended Adversary Complaint (PACER Doc. 31) ("Amended Complaint") filed by Plaintiff AYH Wind Down LLC ("Motion"). As will be shown below, this Motion must be granted and the Amended Complaint must be dismissed in its entirety.

1

## **BACKGROUND AND FACTS**

This action began on or about November 10, 2023, with the filing of the adversary complaint in the United States Bankruptcy Court, Southern District of New York, by Plaintiff AYH Wind Down LLC ("Plaintiff") on behalf of Debtor All Year Holdings Limited ("Debtor"), against Defendant Engelman ("Complaint"). *See* Complaint, PACER Doc. 1. In the Complaint, Plaintiff alleges that in 2017, Defendant executed a promissory note in favor of Debtor ("Note"), evidencing a loan in the amount of $3,000,000.00 ("Loan"). *See* Complaint, PACER Doc. 1, ¶¶ 12-13. Plaintiff claims that Engelman never repaid the Note and that he now owes Plaintiff $6,012,500.00, which includes the principal and interest. *See* Complaint, PACER Doc. 1, ¶ 17. Engelman admits that he borrowed $3,000,000.00 from Debtor, but denies ever executing the Note. He further affirms that he repaid the Loan within a few months. *See* Declaration of Alexander Engelman, PACER Doc. 27-1, ¶¶ 16-18.

On or about February 15, 2024, Defendant filed his Answer ("Answer"). *See* Answer, PACER Doc. 10. On that date, Defendant also filed a Motion to Abstain, which was ultimately denied. *See* Motion to Abstain, PACER Docs. 11-13; *see also* Court Order dated March 26, 2024, PACER Doc. 14. Following depositions held in this matter, Plaintiff brought a Motion to Amend the Adversary Complaint, requesting to file the Amended Complaint. *See* Motion to Amend the Adversary Complaint, PACER Docs. 25-26. Plaintiff's Motion to Amend the Adversary Complaint was granted on or about December 18, 2024, and the Amended Complaint was filed on December 18, 2024. *See* Order Granting Motion, PACER Doc. 30; *see also* Amended Complaint, PACER Doc. 31. However, the Amended Complaint fails to state a claim for each of the causes of action and for the following reasons, the Amended Complaint must be dismissed in its entirety and this Motion must be granted.

2

## LAW AND ARGUMENT

### POINT I

### THE STANDARD OF LAW FOR A MOTION TO DISMISS

Pursuant to the Federal Rules of Civil Procedure ("FRCP"), a defendant may move to dismiss a claim if the plaintiff fails to "state a claim upon which relief can be granted." FRCP § 12(b)(6). Furthermore, a motion to dismiss "may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997), citing *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3d Cir. 1986). Accordingly, mere conclusory statements or legal conclusions without factual support are insufficient to state a claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Additionally, Rule 9(b) requires a heightened pleading standard, thus, when stating fraud as a cause of action, the plaintiff must set forth "the circumstances constituting fraud or mistake… with particularity." FRCP § 9(b). As was sharply stated by the court in *Seville Indus. Machinery Corp v. Southmost Machinery Corp.*, the plaintiff must "inject precision and some measure of substantiation into [his] allegations of fraud." *Seville Indus. Machinery Corp v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir.1984). The reason for this is that "fraud is a conclusion of law" and therefore "may not be charged in general terms." *Yost v. General Motors Corp.*, 651 F. Supp. 656, 658 (D.N.J. 1986). Moreover, Rule 9(b) provides defendants with details regarding the misconduct for which they are being charged and prevents charges of fraud and impropriety that are in fact a sham. *See Seville Indus. Machinery Corp v. Southmost Machinery Corp.*, *supra*, 742 F.2d at 791. For the reasons outlined below, Defendant's Motion must be granted because Plaintiff has failed to meet either of these standards and Plaintiff's

3

Amended Complaint must be dismissed in its entirety.

## POINT II

### DEFENDANT'S MOTION MUST BE GRANTED AND THE AMENDED COMPLAINT MUST BE DISMISSED

**A. Plaintiff's Claims In The Amended Complaint Fail Under FRCP 12(b)(6)**

In a "Rule 12(b)(6) motion to dismiss . . . the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." *Crippen v. Town of Hempstead*, 2009 WL 803117, at *1, fn.1 (E.D.N.Y. Mar. 25, 2009); *see also Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991). In this case, all of Plaintiff's claims in the Amended Complaint must be dismissed because Plaintiff fails to meet this standard, and none of the causes of action state a claim upon which relief can be granted. Therefore, the Court must grant this Motion and dismiss the Amended Complaint filed against Defendant in its entirety.

**1. The Claim For Breach Of Promissory Note Must Be Dismissed**

Plaintiff's first claim in the Amended Complaint is breach of promissory note. *See* Amended Complaint, PACER Doc. 31, ¶¶ 18-22. This cause of action must be dismissed for the simple reason that ***Defendant never signed a promissory note in this case***. "To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and failure by the defendant to pay in accordance to the note's terms." *Nimkoff v. Drabinsky*, 2021 WL 4480627, at *9 (E.D.N.Y. Sept. 30, 2021) (internal citation omitted); *see also Green Tree Servicing LLC v. Christodoulakis*, 136 F.Supp.3d 415, 426-427 (E.D.N.Y. 2015); *see also Crotona 1967 Corp. v. Vidu Bros. Corp.*, 925 F.Supp.2d 298, 307 (E.D.N.Y. 2013 ("To make out a *prima facie* case under New York law, plaintiff must provide proof of the valid note and of defendant's failure,

4

despite proper demand, to make payment") (internal quotation marks and citation omitted).

Here, Plaintiff fails to meet the elements for its claim of breach of a promissory note, ***because Defendant never executed a promissory note***. Plaintiff extended the Loan to Defendant, and Defendant borrowed $3,000,000.00. However, there was never any promissory note or other writing executed between the parties to memorialize this Loan. Moreover, Engelman repaid the Loan within a few months, in the form of crediting the monetary distributions owed to him. *See* Declaration of Alexander Engelman ("Engelman Decl."), PACER Doc. 27-1, ¶¶ 16-18. However, there was no promissory note ever executed or signed.

In the Amended Complaint, Plaintiff claims there was a Promissory Note signed by Defendant; however, ***this fraudulent Promissory Note was likely forged and was certainly never signed by Defendant***. The alleged Promissory Note proffered by Plaintiff was signed by an "Alexander M. Engelman," which is not Defendant. Defendant does not have the letter M. as his middle initial and he does not ever sign his name as "Alexander M. Engelman" or refer to himself as such. Furthermore, the signature on the alleged Promissory Note is not Defendant's signature. As such, it is clear that the supposed Promissory Note in this case is not real, and Engelman never signed any promissory note. Since the alleged Promissory Note is fake and was not signed by Defendants, none of the elements needed to state a cause of action for breach of a promissory note apply. Therefore, Plaintiff fails to state this cause of action, this Motion must be granted and the Amended Complaint must be dismissed.

### 2. The Claim For Fraudulent Transfer Under N.Y. Debtor & Creditor Law § 276 Must Be Dismissed

The first new cause of action that Plaintiff asserts in the Amended Complaint is fraudulent transfer under N.Y. Debtor & Creditor Law ("DCL") § 276. *See* Amended Complaint, PACER Doc. 31, ¶¶ 23-55. Plaintiff's allegations and statements under this cause of

5

action are nonsensical and difficult to understand. It seems that Plaintiff is alleging that the way in which Engelman repaid the Loan – by waiving and crediting dividends and returns he was entitled to as a partner of Yoel Goldman, Debtor's principal ("Goldman"), in select real estate investments – was in actuality a fraudulent transfer made by Goldman, not Engelman, the Defendants in this matter. *See* Amended Complaint, PACER Doc. 31, ¶¶ 24-25, 28-29, 42-44, 50. However, one has to break their teeth in order to actually understand this pleading. While Plaintiff's Loan repayment narrative may be true, ***its allegation that this constitutes a fraudulent transfer is legally and factually not***. In any case, Plaintiff's confusing and poorly written cause of action for fraudulent transfer under DCL § 276 fails, since Plaintiff's pleading does not meet the elements of this statute.

In the Amended Complaint, Plaintiff asserts that, "[i]n defense to his repayment obligation under the Note, Mr. Engelman claims that the balance of the Note was reduced each time he was entitled to "distributions" from the business activity surrounding certain investment properties, such that his obligations were eventually extinguished. Mr. Engelman's defense is based off agreements with Yoel Goldman, executed in either 2013 or 2014, which, according to Mr. Engelman, entitle him to certain profits realized from various investment properties with Mr. Goldman." *See* Amended Complaint, PACER Doc. 31, ¶¶ 24-25. Plaintiff goes on to allege that, "if in fact Mr. Goldman caused the Debtor to reduce Mr. Engelman's loan balance, it represented the Debtor transferring something for nothing because the Debtor never owed Mr. Engelman those distributions." *See* Amended Complaint, PACER Doc. 31, ¶ 49.

Additionally, the transfers that Plaintiff claims are "fraudulent" are actually not fraudulent and were legitimate distributions owed to Engelman, as a partner in various investments of Goldman's. *See* Engelman Decl., PACER Doc. 27-1, ¶¶ 8-18. Though Plaintiff

6

claims that these acts constitute fraudulent transfers, in actuality this is not the case and therefore this cause of action fails under DCL § 276. *See* Amended Complaint, PACER Doc. 31, ¶ 50. DCL §276 was amended on April 4, 2020, but since the transactions at issue in this case took place before that, in 2017 and 2018 (*see* Amended Complaint, PACER Doc. 31, ¶ 45), the prior statute governs[1], which states:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

*See* DCL § 276.[2]

"To prove actual fraud under § 276, a creditor must show intent to defraud on the part of the transferor. Where actual intent to defraud is proven, the conveyance will be set aside regardless of the adequacy of the consideration given." *In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005) (internal citations and quotation marks omitted). Additionally, "[b]ecause intent to defraud is an element under section 276 a party seeking to set aside a fraudulent conveyance under this section must plead with the particularity required by Fed.R.Civ.P. 9(b)." *Drenis v. Haligiannis*, 452 F.Supp.2d 418, 429 (S.D.N.Y. 2006).

"Direct evidence of fraudulent intent is rare. Therefore, courts will consider "badges of fraud" which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent." *MFS/Sun Life Trust High Yield Series v. Van*

---

[1] *See Saadeh v. Kagan*, 2021 WL 5827942, at *3 (S.D.N.Y. Oct. 20, 2021), report and recommendation adopted, 2021 WL 5827653 (S.D.N.Y. Dec. 8, 2021), superseded, 2022 WL 624554 (S.D.N.Y. Mar. 3, 2022), report and recommendation adopted, 2022 WL 624554 (S.D.N.Y. Mar. 3, 2022) ("in December 2019, the New York State Legislature repealed the original Article 10 of New York's Debtor and Creditor Law (which included DCL §§ 270–281) and implemented the Uniform Voidable Transactions Act as the new Article 10, which took effect on April 4, 2020 . . . the pre-amendment version of Article 10 is operative here because the new law does not apply to a transfer made or obligation incurred before [the act's] effective date, [April 4, 2020], nor shall it apply to a right of action that has accrued before such effective date") (internal quotations and citations omitted); *see also* Ray v. Ray, 2021 WL 1164655, at *4 (S.D.N.Y. Mar. 25, 2021).

[2] All references to DCL § 276 refer to the statute which was in effect prior to April 4, 2020.

*Dusen Airport Servs. Co.*, 910 F.Supp. 913, 935 (S.D.N.Y. 1995); *see also Marine Midland v. Murkoff*, 120 A.D.2d 122, 128 (2d Dept. 1986). "Depending on the context, badges of fraud will vary in significance, though the presence of multiple indicia will increase the strength of the inference." *MFS/Sun Life Trust High Yield Series v. Van Dusen Airport Servs. Co.*, *supra*, 910 F.Supp. at 935; *see also Gross v. Russo*, 1 B.R. E.D.N.Y. 1979). Lastly, "[u]nder N.Y. DCL § 276, [fraudulent] intent need not be proven by direct evidence but may be inferred (a) where the transferor has knowledge of the creditor's claim and knows that he is unable to pay it; (b) where the conveyance is made without fair consideration; or (c) where the transfer is made to a related party." *Fromer v. Yogel*, 50 F.Supp.2d 227, 247 (S.D.N.Y.1999).

In this case, Plaintiff does not prove that Defendant had actual intent to defraud Plaintiff under DCL § 276, since Plaintiff offers no specific facts or proof regarding Defendant's intent, which would be required. Plaintiff also does not offer any proof regarding circumstances under any of the "badges of fraud" listed, to infer Defendant's intent to defraud Plaintiff. Accordingly, this cause of action in the Amended Complaint fails.

One circumstantial scenario under "badges of fraud" requires Plaintiff to show that the transferor knew about the creditor's claim and that the transferor was unable to pay it. Here, Plaintiff has failed to show that Goldman knew about the creditor's claim, or that he was unable to pay it when he made the Loan to Engelman. The transfers in question took place well before the Debtor or Goldman became insolvent. As Plaintiff admits, the transfers took place in 2017 and 2018, well before Debtor filed for bankruptcy. *See* Amended Complaint, PACER Doc. 31, ¶ 45. Additionally, Plaintiff also admits that the "Secret Partnership Agreement . . . predates the Debtor's existence." *See* Amended Complaint, PACER Doc. 31, ¶ 48. By Plaintiff's own admissions, these transfers were not made when Goldman was insolvent, let alone when Debtor

8

even existed, so they could not render either insolvent. Therefore, Plaintiff has not shown an inference of fraud from this first "badge of fraud."

The next circumstance for inferring fraudulent intent is also not met, because there was fair consideration for the Loan and its repayment by Engelman. In the Amended Complaint, Plaintiff claims that "Engelman never provided, either to Mr. Goldman or the Debtor, any consideration for his purported shares of profits in Mr. Goldman's real estate properties." *See* Amended Complaint, PACER Doc. 31, ¶ 26. However, this is simply false, as there was consideration for the shares of profits. Though Plaintiff incorrectly claims that "Debtor transfer[ed] something for nothing," the consideration provided was Engelman's investment into each of Goldman's entities, which owned each of the investment properties. *See* Amended Complaint, PACER Doc. 31, ¶ 49; *see also* Engelman Decl., PACER Doc. 27-1, ¶¶ 5-11, 15.

One such example of this is Engelman's investment with Goldman relating to 82 Jefferson Street, in Brooklyn, New York. *See* Engelman Decl., PACER Doc. 27-1, ¶ 8. In or about 2014, Goldman approached Engelman and asked if he wanted to partner with him to purchase the property located at 82 Jefferson Street (the "Property"). *See* Engelman Decl., PACER Doc. 27-1, ¶ 9. Engleman agreed, and along with his wife and his wife's parents, Zelda and Moises Engelman, invested with Goldman to purchase this Property. *See* Engelman Decl., PACER Doc. 27-1, ¶ 10. In or about May-December 2014, Engleman, with his wife and her parents, provided Goldman with approximately $1,830,000.00, as their capital contribution into this investment to purchase the Property. *See* Engelman Decl., PACER Doc. 27-1, ¶ 11. On or about March 9, 2017, Rachel Klein, Goldman's bookkeeper, emailed Engelman a confirmation of this investment ("Email"). *See* Engelman Decl., PACER Doc. 27-1, ¶ 12; *see also* Exhibit A, Email, PACER Doc. 27-2.

9

Also attached to the Email was Debtor's QuickBooks Account QuickReport for 82 Jefferson LLC ("QuickReport"), which shows Engelman and his family's investment. *See* Engelman Decl., PACER Doc. 27-1, ¶ 13; *see also* Exhibit B, QuickReport, PACER Doc. 27-3. Some of the money for the investment was sent from a bank account of Engelman, for another entity he owned, named 836 Broadway LLC. *See* Engelman Decl., PACER Doc. 27-1, ¶ 14; *see also* Exhibit C, bank statement for 836 Broadway LLC, which shows some of the money sent to Goldman for this investment, PACER Doc. 27-4. In exchange for their investment of $1,830,000.00, Engleman, his wife and her parents received 50% membership interest in 82 Jefferson LLC, the entity that purchased the Property, as seen on the K1s provided to them each year ("82 Jefferson LLC K1s"). *See* Engelman Decl., PACER Doc. 27-1, ¶ 15; *see also* Exhibit D, 2016-2023 82 Jefferson LLC K1s, PACER Doc. 27-5.[3]

Since Goldman and Engelman were acquaintances and business partners, on or around March 9, 2017, Engelman asked Goldman to borrow $3,000,000.00 (the "Loan"), which Goldman extended to Engelman. *See* Engelman Decl., PACER Doc. 27-1, ¶ 16. The Loan was paid back within a few months, as Engelman told Goldman that instead of sending him the various distributions owed to him (due to his investment into 82 Jefferson LLC and other deals with Goldman), he should instead credit the Loan balance. *See* Engelman Decl., PACER Doc. 27-1, ¶ 17. Instead of being paid his distributions, the money owed to Engelman was instead applied towards paying back the Loan, until the Loan was paid back in full. *See* Engelman Decl., PACER Doc. 27-1, ¶ 18. The Property located at 82 Jefferson Street is just one example

---

[3] As stated, Engelman invested into the Property with his wife, Zelda Engelman, his father-in-law, Moises Spielman and his mother-in-law, Edith Spielman. Accordingly, the K1s were provided to 82 Jefferson Holdings LLC, which in 2016-2019 was 67.5% owned by Engelman's wife, Zelda Engelman and 32.5% by his father-in-law, Moises Spielman, and in 2020-2023 was 67.5% owned by Alexander Engelman and 32.5% owned by his mother-in-law, Edith Spielman. *See* Exhibit E, 2016-2023 K1s for 82 Jefferson Holdings LLC; s*ee also* Engelman Decl., PACER Doc. 27-1, fn. 1.

of Engelman's joint investments with Goldman. *See* Engelman Decl., PACER Doc. 27-1, ¶ 19. ***Therefore, it is pure fiction for Plaintiff to say that the distributions were made without any consideration***. It is clear these transfers were made with adequate consideration and therefore there can be no fraudulent intent inferred under DCL § 276. *See* Engelman Decl., PACER Doc. 27-1, ¶¶ 8-19.

The third circumstance showing fraudulent intent is also not met here, as the transfer in question was not made to a related party. A related party can be defined in this context to include family members and corporations to stockholders. *See In re Michel,* 573 B.R. 46, 69 (Bankr. E.D.N.Y. 2017). In this case, there is certainly no familial relationship between Debtor and Defendant, nor was Defendant a shareholder of Debtor. Simply put, there is no close or related relationship between Plaintiff and Defendant. Engelman simply borrowed money from Goldman, and repaid it by crediting the monetary distributions owed to him. Because there is no "related party" transaction here, Plaintiff fails to infer fraud from this third circumstance. Accordingly, because Plaintiff's Amended Complaint does not allege a proper claim under DCL § 276, or any "badge of fraud," Defendant's Motion must be granted and Plaintiff's Amended Complaint must be dismissed.

### 3. The Alternative Claim For Unjust Enrichment Must Be Dismissed

The next cause of action in the Amended Complaint is unjust enrichment. *See* Amended Complaint, PACER Doc. 31, ¶¶ 56-61. Under New York law, "[t]he essence of unjust enrichment is that one party has received money or a benefit at the expense of another." *In re CIL Ltd.*, 582 B.R. 46, 123 (Bankr. S.D.N.Y. 2018). To establish a claim for unjust enrichment, a plaintiff must show, "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to

11

be recovered." *In re CIL Ltd.*, *supra*, 582 B.R. at 123. The doctrine of unjust enrichment is a viable form of recovery in equity, but only ***when a contractual relationship is absent***. *See Mars Adver. Europe Ltd. v. Young & Rubicam, Inc.*, 2013 WL 1790896, at *10 (S.D.N.Y. Apr. 24, 2013). Under New York law, "[t]he existence of a contract between parties to a dispute ordinarily ***precludes recovery for unjust enrichment for events arising out of the same subject matter as the contract***." *Mars Adver. Europe Ltd. v. Young & Rubicam, Inc.*, *supra*, 2013 WL 1790896, at *10 (emphasis added), citing *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 142 (2009). Unjust enrichment invokes an "obligation imposed by equity to prevent injustice, in the ***absence of an actual agreement between the parties concerned***." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, *supra*, 12 N.Y.3d at 142 (emphasis added); *see also Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 388 (1987).

In this case, there is certainly a contractual relationship between the parties, which makes the claim of unjust enrichment futile. Plaintiff and Defendant agree that in 2017, Defendant Engelman borrowed $3,000,000.00 from Debtor, and that Defendant repaid the Loan within a few months. *See* Amended Complaint, PACER Doc. 31, ¶¶ 12-13; *see also* Engelman Decl., PACER Doc. 27-1, ¶¶ 16-18. It is black letter law that a loan of money is "a contract by which one delivers a sum of money to another and the latter agrees to return at a future time a sum equivalent to that which he borrows." *Citadel Mgmt., Inc. v. Telesis Tr., Inc.*, 123 F. Supp. 2d 133, 150 (S.D.N.Y. 2000). Therefore, the Loan constitutes a contract between the parties and accordingly, Plaintiff is precluded from even bringing a claim for unjust enrichment. Moreover, even if the Loan would not preclude a claim for unjust enrichment, Plaintiff does not meet the elements needed to plead unjust enrichment.

The first element of unjust enrichment is "that the other party was enriched." *See In re*

12

*CIL Ltd.*, *supra*, 582 B.R. at 123.  Since there was a contract between Engelman and Goldman in the form of the Loan, Engelman could not have been enriched, as he was required to pay back the Loan.  Therefore, without Engelman being enriched, the first element is not met.  The second element for unjust enrichment is that the enrichment is "at that party [Plaintiff]'s expense." *In re CIL Ltd.*, *supra*, 582 B.R. at 123.  Again, since there is a contract in the form of the Loan here, there can be no enrichment at Plaintiff's expense, because Plaintiff agreed to extend the Loan to Engelman.  Therefore, this second element is not met.

The last element for a claim of unjust enrichment is "that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *In re CIL Ltd.*, *supra*, 582 B.R. at 123.  As established, this last element is also not met because Engelman paid back the Loan, and did not unjustly keep the money.  *See* Engelman Decl., PACER Doc. 27-1, ¶¶ 17-18.  The existence of a contract, in the form of the Loan, precludes Plaintiff from meeting the three elements for a claim of unjust enrichment.  Accordingly, Plaintiff fails to state a claim for the alternative claim of unjust enrichment and Plaintiff's Motion must be dismissed.

### 4. The Alternative Claim For Money Had And Received Must Be Dismissed

The last cause of action added in the Amended Complaint is money had and received. *See* Amended Complaint, PACER Doc. 31, ¶¶ 62-67.  Under New York law, a cause of action for money had and received is established where: "(1) defendant received money belonging to plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money." *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, 731 F.2d 112, 125 (2d Cir. 1984), citing *Miller v. Schloss*, 218 N.Y. 400, 407 (1916).  Although this kind of claim has been recognized as an action in implied contract, the New York Court of Appeals has explained that this description is

13

23-01196-mg    Doc 33    Filed 01/22/25    Entered 01/22/25 19:03:04    Main Document
Pg 18 of 20

a misnomer, "as it is not an action founded on contract at all." *Parsa v. State*, 64 N.Y.2d 143, 148 (1984). Rather, money had and received "is an obligation which the law creates in the ***absence of agreement*** when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another." *Parsa v. State*, *supra*, 64 N.Y.2d at 148. In this case, once again, the existence of the Loan between Plaintiff and Defendant establishes a contract between the parties and precludes Plaintiff from meeting the elements for a claim for money had and received.

The first element of this cause of action requires the defendant to receive money belonging to plaintiff. *See Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, *supra*, 731 F.2d at 125; *see also Miller v. Schloss*, *supra*, 218 N.Y. at 407. This element is not met because a contract existed, which provided for Defendant to receive money from Plaintiff in the form of the Loan, which Defendant was required to repay. Therefore, Defendant did not receive money belonging to Plaintiff, but rather received money that Defendant was entitled to receive. The second element is that the defendant benefitted from the receipt of money. *See Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, *supra*, 731 F.2d at 125; *see also Miller v. Schloss*, *supra*, 218 N.Y. at 407. While here, Defendant did receive money from Plaintiff, it was in the form of a Loan which Defendant was required to repay, and which Defendant did repay. *See* Engelman Decl., PACER Doc. 27-1, ¶¶ 16-18. Accordingly, Defendant did not benefit from the receipt of money, as it was paid back and this element is not met.

The third element is that "under principles of equity and good conscience, defendant should not be permitted to keep the money." *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat. Ass'n*, *supra*, 731 F.2d at 125; *see also Miller v. Schloss*, 218 N.Y. at 407. This third

element is also not met, because **Defendant did not keep the money** he was loaned, but paid it all back. *See* Engelman Decl., PACER Doc. 27-1, ¶¶ 16-18. Therefore, like the claim of unjust enrichment, the contract between the parties in the form of a Loan, precludes Plaintiff from bringing a claim for money had and received. Accordingly, Plaintiff also fails to state a claim for this alternative claim. Therefore, Defendant's Motion must be granted and the Amended Complaint must be dismissed in its entirety, as Plaintiff fails to state any claims upon which relief can be granted.

## CONCLUSION

For the reasons stated above, Defendant Alexander Engelman respectfully requests that the Court: a) grant its Motion to Dismiss the First Amended Adversary Complaint filed in this matter in its entirety; b) dismiss the First Amended Adversary Complaint in its entirety; and c) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      January 22, 2025

                                      **TWERSKY PLLC**

                       By:   _____
                              Aaron Twersky, Esq.
                              Ilana Neufeld, Esq.
                              747 Third Avenue, 32nd Floor
                              New York, New York 10017
                              (212) 425-0149
                              atwersky@twerskylaw.com
                              ineufeld@twerskylaw.com

                              *Attorneys for Defendant*
                              *Alexander Engelman*

To:

Clerk of Court (via ECF)
All Counsel (via ECF)

Twersky PLLC
747 Third Avenue, 32nd Floor
New York, New York 10017
Telephone: (212) 425-0149
Aaron Twersky, Esq.
Ilana Neufeld, Esq.

*Counsel for Defendant Alexander Engelman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ALL YEAR HOLDINGS LIMITED, | Case No.: 21-12051 (MG) |
| Debtor. | |

------------------------------------------------------------------------------x

| | |
|---|---|
| AYH WIND DOWN LLC, through OFER TZUR and AMIR FLAMER, solely in their joint capacity as Claims Administrator, | Adversary Proceeding No: 23-01196-mg |
| Plaintiff, | **ORAL ARGUMENT** |
| -against- | **REQUESTED** |
| ALEXANDER M. ENGELMAN, | |
| Defendant. | |

------------------------------------------------------------------------------x

**DEFENDANT'S MOTION TO DISMISS**
**THE FIRST AMENDED ADVERSARY COMPLAINT**

**TWERSKY PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149

*Attorneys for Plaintiff Alexander Engelman*