Twersky PLLC
747 Third Avenue, 32nd Floor
New York, New York 10017
Telephone: (212) 425-0149
Aaron Twersky, Esq.
Ilana Neufeld, Esq.

*Counsel for Defendant Alexander Engelman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ALL YEAR HOLDINGS LIMITED, | Case No.: 21-12051 (MG) |
| Debtor. | |
| ------------------------------------------x | Adversary Proceeding No: |
| AYH WIND DOWN LLC, through OFER TZUR and AMIR FLAMER, solely in their joint capacity as Claims Administrator, | 23-01196-mg |
| Plaintiff, | |
| -against- | **ANSWER TO FIRST AMENDED ADVERSARY COMPLAINT** |
| ALEXANDER M. ENGELMAN, | |
| Defendant. | |
| ------------------------------------------x | |

Defendant Alexander Engelman ("Defendant"), by and through his attorneys, Twersky PLLC, as and for his Answer ("Answer") to Plaintiff AYH Wind Down LLC, through Ofer Tzur and Amir Flamer, solely in their joint capacity as Claims Administrator's ("Plaintiff") First Amended Adversary Complaint, dated December 18, 2024 ("Complaint"), states as follows:

**PRELIMINARY STATEMENT**

Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained the Preliminary Statement of the Complaint.

1

## PARTIES, JURISDICTION, AND VENUE

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, but avers that publicly filed documents speak for themselves.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, but avers that publicly filed documents speak for themselves.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, but avers that publicly filed documents speak for themselves.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, but avers that publicly filed documents speak for themselves.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, but avers that publicly filed documents speak for themselves.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, but admits that Alexander Engelman is an individual who resides in Brooklyn, New York.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, but defers all legal conclusions to the Court.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, but defers all legal conclusions to the Court.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, but defers all legal conclusions to the Court.

## FACTUAL ALLEGATIONS

12. Denies the truth of each and every allegation set forth in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies the truth of each and every allegation set forth in paragraph 16 of the Complaint.

17. Denies the truth of each and every allegation set forth in paragraph 17 of the Complaint.

## COUNT I – BREACH OF PROMISSORY NOTE

18. In response to paragraph 18 of the Complaint, Defendant repeats and re-alleges each and every response contained in paragraphs 1-17 of this Answer as if set forth in their entirety.

19. Denies the truth of each and every allegation set forth in paragraph 19 of the Complaint.

20. Denies the truth of each and every allegation set forth in paragraph 20 of the Complaint.

21. Denies the truth of each and every allegation set forth in paragraph 21 of the Complaint.

22. Denies the truth of each and every allegation set forth in paragraph 22 of the Complaint.

## COUNT II – FRAUDULENT TRANSFER
## UNDER N.Y. DEBTOR & CREDITOR LAW 276

23. In response to paragraph 23 of the Complaint, the Defendants repeat and re-allege each and every response contained in paragraphs 1 through 22 of this Answer as if set forth in their entirety.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, but avers that the deposition transcript speaks for itself.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, but avers that the deposition transcript speaks for itself.

26. Denies the truth of each and every allegation set forth in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Denies the truth of each and every allegation set forth in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 38 of the Complaint.

    39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

    40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

    41.    Denies the truth of each and every allegation set forth in paragraph 41 of the Complaint.

    42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, but avers that the deposition transcript speaks for itself.

    43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

    44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, but avers that the deposition transcript speaks for itself.

    45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, but avers that the deposition transcript speaks for itself.

    46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

    47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

    48.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Denies the truth of each and every allegation set forth in paragraph 50 of the Complaint.

51. Denies the truth of each and every allegation set forth in paragraph 51 of the Complaint.

52. Denies the truth of each and every allegation set forth in paragraph 52 of the Complaint.

53. Denies the truth of each and every allegation set forth in paragraph 53 of the Complaint.

54. Denies the truth of each and every allegation set forth in paragraph 54 of the Complaint.

55. Denies the truth of each and every allegation set forth in paragraph 55 of the Complaint.

## COUNT III – IN THE ALTERNATIVE, UNJUST ENRICHMENT

56. In response to paragraph 56 of the Complaint, Defendant repeats and re-alleges each and every response contained in paragraphs 1 through 55 of this Answer as if set forth in their entirety.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, but defers all legal conclusions to the Court.

58. Denies knowledge or information sufficient to form a belief as to the truth of the

7

allegations contained in paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Denies the truth of each and every allegation set forth in paragraph 60 of the Complaint.

61. Denies the truth of each and every allegation set forth in paragraph 61 of the Complaint.

## COUNT IV – IN THE ALTERNATIVE, MONEY HAD AND RECEIVED

62. In response to paragraph 62 of the Complaint, the Defendant repeats and re-alleges each and every response contained in paragraphs 1 through 61 of this Answer as if set forth in their entirety.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, but defers all legal conclusions to the Court.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66. Denies the truth of each and every allegation set forth in paragraph 61 of the Complaint.

67. Denies the truth of each and every allegation set forth in paragraph 61 of the Complaint.

8

**PRAYER FOR RELIEF**

68. Denies the allegations contained in the Wherefore Clause a-d, following paragraph 67 of the Complaint and otherwise denies Plaintiff is entitled to any of the relief they seek herein against the Defendant.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

69. The Complaint fails to state any legally cognizable claim or cause of action upon which relief can be granted, and should therefore be dismissed.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

70. Plaintiffs' claims are barred pursuant to the doctrines of "unclean hands," "spoilation of evidence," waiver, ratification, estoppel, misrepresentations and laches, and therefore the Complaint should be dismissed.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

71. The Defendant has acted at all times in good faith.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

72. Plaintiff's alleged damages were caused entirely or in part through its own culpable conduct, and therefore the Complaint should be dismissed, or in the alternative, Defendant seeks a reduction in the recovery that may be had by Plaintiff in proportion to its culpable conduct and responsibility.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

73. The allegations in the Complaint are unsupported by the evidence.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

74. Defendant reserves the right to assert any and all other affirmative defenses that become known throughout the course of further discovery and/or investigation in this action.

**WHEREFORE**, Defendant Alexander Engelman respectfully requests:

A. For the Answer and Affirmative Defenses, that the Court dismiss the Complaint filed in this action in its entirety and grant the Defendants their costs, disbursements, attorneys' fees and expenses relating to the action; and

B. Awarding the Defendant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 9, 2025

                                **TWERSKY PLLC**

By: _____
Aaron Twersky, Esq.
Ilana Neufeld, Esq.
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com

*Attorneys for Defendant*
*Alexander Engelman*

To:

Clerk of the Court (via NYSCEF)

All Counsel (via NYSCEF)