**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
:
In re: : Chapter 11
:
**ALL YEAR HOLDINGS LIMITED,** : Case No. 21-12051 (MG)
:
        Debtor. :
:
:
-----------------------------------------------------------X
AYH Wind Down LLC, through Ofer Tzur and : PLAINTIFF'S PRETRIAL ORDER
Amir Flamer, solely in their joint capacity as :
Claims Administrator :
:
        Plaintiff, :
:
ALEXANDER M. ENGELMAN, : Adversary No.  23-01196-mg
:
        Defendant. :
:
-----------------------------------------------------------X

      Pursuant to Fed. R. Civ. P. 16, and the Court's policies and procedures for pretrial matters and submissions, Plaintiff submits this Pretrial Order.

    I.    NATURE OF THE CASE

        **Plaintiff's Statement on the Nature of the Case**
        This is a breach of promissory note case consisting of four counts, two pled in the alternative:  Count I (Breach of Note), Count II (Fraudulent Transfer under N.Y. Debtor Creditor Law § 276); Count III (an alternative claim for Unjust Enrichment); Count IV (an alternative claim for Money Had and Received).

    II.    BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS OR JUDGMENT

        **Plaintiff's Statement on Jurisdiction**
        The claim is brought by the Claims Administrator (the "**Claims Administrator**") on behalf of Wind-Down Co under the Debtor's confirmed chapter 11 Plan and a Plan Administration Agreement (**"the Plan Administration Agreement"**).  The Plan Administration Agreement vests in the Claims Administrator authority over certain Causes of Action that vested in Wind-Down Co pursuant to the Plan.  This includes

"any and all claims and Causes of Action . . . that the Debtor. . . may have against any third-parties." This lawsuit is one such Cause of Action. Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Amended Standing Order of Reference M-431, dated January 31, 2023 (Preska, C.J.) and the Court's retention of jurisdiction pursuant to Section 11.1(i) of the Plan and paragraph 27 of the Confirmation Order. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Pursuant to Rule of Bankruptcy Procedure 7008 and Local Rule 7008, Plaintiff consented to entry of final orders or judgment by the Bankruptcy Court in its pleadings. Defendant has not filed any objection to the entry of final orders or judgment by the Bankruptcy Court under Rule of Bankruptcy Procedure 7008 and Local Rule 7008. Neither party has filed a jury demand. Accordingly it is Plaintiff's position that the Court may issue a final order and verdict in this matter.

   III.    STIPULATED FACTS

Plaintiff proposes the below stipulated facts:

1. Following confirmation of the Third Amended Chapter 11 Plan of Reorganization of All Year Holdings Limited [ECF No. 289] (the **"Plan"**), and pursuant to the Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Chapter 11 Plan of Reorganization of All Year Holdings Limited [ECF No. 352] (the **"Confirmation Order"**), certain of All Year Holdings Limited's (the **"Debtor"**) claims vested with Wind-Down Co.
2. Alexander Engelman (**"Defendant"**) is an individual who resides in Brooklyn, New York.
3. Alexander Engelman accepted $3,000,000 from the Debtor on or around March 2017
4. Alexander Engelman made no cash repayments to the Debtor for the $3,000,000 he received in 2017.
5. Alexander Engelman founded Mercer Jordan Ventures, LLC
6. Alexander Engelman is the sole member of Mercer Jordan Ventures, LLC
7. Alexander Engelman is the manager of Mercer Jordan Ventures, LLC
8. Alexander Engelman formed Mercer Jordan Ventures, LLC for real estate investment activity.
9. All Year Holdings Limited was incorporated on September 17, 2014, as a BVI Business Company under the laws of the British Virgin Islands.
10. All Year Holdings Limited was founded by Yoel Goldman.

   IV.    PARTIES' CONTENTIONS

   A.  Plaintiff's Contentions

Plaintiff incorporates by reference its First Amended Adversary Complaint [ECF No. 31]. In sum, its contentions as to all ultimate issues of fact and law are as follows:

2

As to Count I:

1. The Defendant issued a valid and enforceable promissory note (the **"Note"**) in favor of the Debtor in the original principle amount of $3,000,000 at an interest rate of 15% to be repaid no later than the maturity date of April 4, 2018;
2. The Note contained an unequivocal and unconditional obligation to repay the money owed thereunder;
3. The Defendant failed to pay according to the terms of the Note;
4. Plaintiff is owed damages in an amount no less than $6,901,250 as of October 20, 2025 under the Note.

As to Count II, and only to the extent Defendant introduces evidence upon which he alleges that the amounts Defendant owed to the Debtor were reduced or should have been reduced:

5. That any purported reductions in Defendant's loan balance were, if effective, transfers or conveyances of the Debtor's assets;
6. That, with respect to these transfer or conveyances, Mr. Goldman intended to defraud, hinder, or delay the Debtor's present or future creditors;
7. That the transfers or conveyance were made to defraud present or future creditors;
8. That all such purported reductions in Defendant's loan balance, to the extent they exist or were effective, are void under, N.Y. Debtor Creditor Law § 276, which was in effect at the time of such transfers or conveyances.

As to Count III, in the alternative and only to the extent the Court were to rule that no contract existed or that the Note was, for any reason, unenforceable or invalid:

9. That the Defendant was enriched when he accepted $3,000,000 from the Debtor;
10. That Defendant's enrichment was at the expense of the Debtor;
11. That the principles of equity and fairness require the Defendant to return the money with interest that he promised to the Debtor.

As to Count IV, in the alternative and only to the extent the Court were to rule that no contract existed or that the Note was, for any reason, unenforceable or invalid:

12. That the Defendant received $3,000,000 belonging to the Debtor;
13. That the Defendant benefitted from that money by, among other things, investing it in other of his business ventures and as part of Defendant's investment activity;
14. That principles of equity and fairness require that Defendant not be permitted to keep the money and instead return it to Debtor with interest that Defendant promised.

B. Defendant's Contentions

V.  ISSUES TO BE TRIED

1. The legal validity and enforceability of the Note;
2. Whether Defendant accepted $3,000,000 from the Debtor;
3. Whether the Debtor, through Yoel Goldman, reduced the balance of Defendant's obligations;
4. Whether any purported reduction of obligations represented a fraudulent transfer of the Debtor's assets; and
5. Plaintiff's damages

VI. PLAINTIFF'S EXHIBITS

PX1. Promissory Note (Exhibit A to Complaint)
PX2. Demand Letter (Exhibit B to Complaint)
PX3. All Year Holdings Account Ledger (AYH14426)[1]
PX4. [WITHDRAWN]
PX5. Declaration by Alexander Engelman dated February 15, 2024
PX6. Email chain dated March 9, 2017 subject heading "Loan 3 mill" (Pl.'s Ex. 1 to Deposition of Yoel Goldman, produced by Defendant)
PX7. Email chain dated August 30, 2017 subject heading "Fwd" (Pl.'s Ex. 8 to Deposition of Alexander Engelman)
PX8. Ownership Breakdown for All Year Properties (AYH14443)
PX9. Asset Distribution Spreadsheet for 82 Jefferson LLC (AYH12667)
PX10. 82 Jefferson Reconciliation Detail for period ending 12/31/2016 (AYH014341)
PX11. [WITHDRAWN]
PX12. 82 Jefferson Articles of Incorporation Filing Confirmation (AYH14124)
PX13. 82 Jefferson Limited Liability Operating Agreement (AYH14125)
PX14. 574 Broadway LLC Limited Liability Operating Agreement (AYH15191)
PX15. Tax Return Excerpts for 574 Broadway LLC (AYH14873)
PX16. Asset Distribution Accounting Entry for 574 Broadway LLC (AYH15955)
PX17. Asset Distribution Spreadsheet for 574 Broadway LLC (AYH15940)
PX18. A&R Operating Agreement for 591 Franklin LLC (AYH15195)
PX19. 2020 Tax Return Excerpts for 591 Franklin LLC (AYH14574)
PX20. Asset Distribution Accounting Entry for 591 Franklin LLC (AYH15956)
PX21. A&R Limited Liability Operating Agreement for 461 Park Place LLC (AYH15187)
PX22. 2020 Tax Return Excerpts for 461 Park Place LLC (AYH14537)
PX23. Asset Distribution Accounting Entry for 461 Park Place LLC (AYH15953)
PX24. Asset Distribution Spreadsheet for 461 Park Place LLC (AYH15938)
PX25. A&R Limited Liability Operating Agreement for 469 Park Place LLC (AYH15971)

---

[1] Exhibits are identified by their beginning bates number only, and consist of the entire document.

Pg 5 of 6

    PX26.  Asset Distribution Accounting Entry for 469 Park Place LLC (AYH15954)
    PX27.  Asset Distribution Spreadsheet for 469 Park Place LLC (AYH15939)
    PX28.  A&R Limited Liability Operating Agreement for 247 Troutman LLC (AYH15179)
    PX29.  2020 Tax Return Excerpts for 247 Troutman LLC (AYH14448)
    PX30.  Asset Distribution Accounting Entry for 247 Troutman LLC (AYH15947)
    PX31.  Asset Distribution Spreadsheet for 247 Troutman LLC (AYH15)
    PX32.  A&R Limited Liability Operating Agreement for 277 Classon LLC (AYH015183)
    PX33.  2021 Tax Return Excerpts for 277 Classon LLC (AYH14793)
    PX34.  Asset Distribution Accounting Entry for 277 Classon LLC (AYH15949)
    PX35.  Asset Distribution Spreadsheet for 277 Classon LLC (AYH015937)
    PX36.  A&R Limited Liability Operating Agreement for Y&M Management LLC (AYH15234)
    PX37.  2021 Tax Return Excerpts for Y&M Management LLC (AYH15129)
    PX38.  Asset Distribution Accounting Entry for 892 Myrtle (AYH15964)
    PX39.  Asset Distribution Spreadsheet for 892 Myrtle (AYH15945)
    PX40.  A&R Limited Liability Operating Agreement for 79 South 6th Street LLC (AYH15230)
    PX41.  [WITHDRAWN]
    PX42.  Asset Distribution Accounting Entries for 79 South 6th LLC (AYH015960)
    PX43.  Asset Distribution Spreadsheet for 79 South 6th LLC (AYH15943)
    PX44.  Third A&R Limited Liability Company Operating Agreement for 608 Franklin LLC  (AYH15199)
    PX45.  608 Franklin LLC Financial Breakdown (AYH12269)

## VII.   DEFENDANT'S EXHIBITS

No exhibit not listed by plaintiff or defendant may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pretrial order is shown.  Each side shall list all exhibits it intends to offer on its case in chief.  The list shall include a description of each exhibit.  All exhibits shall be pre-marked with each exhibit bearing a unique number or letter (numbers for plaintiff and letters for defendant), with the prefix PX for plaintiff's exhibits and DX for defendant's exhibits.  Two copies of each exhibit shall be delivered to chambers with the pretrial conference order.

## VIII.   STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

Any objections not set forth herein will be considered waived absent good cause shown.  The parties shall set forth any stipulations with respect to the authenticity and admissibility of exhibits and indicate all objections to exhibits and the grounds therefor.

IX. **PLAINTIFF'S WITNESS LIST**

Plaintiff's Will Call Witnesses
- Asaf Ravid
- Alexander Engelman (to the extent not covered under cross examination)

Plaintiff's May Call Witnesses
- Yoel Goldman
    - To the extent not offered as a direct witness and made available for cross examination by Defendant, Plaintiff designates excerpts from Mr. Goldman's deposition attached as Appendix A in lieu of cross examination.

X. **DEFENDANT'S WITNESS LIST**

The witnesses listed may be called at trial. No witness not identified herein shall be permitted to testify on either party's case in chief absent good cause shown. Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer. Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefor.

XI. **RELIEF SOUGHT**

Plaintiff seeks a judgment against Alexander Engelman in an amount no less than $6,901,250, plus post-judgment interest. The $6,901,250 represents Plaintiff's expectation damages under the terms of the Note.

**IT IS SO ORDERED.**

October 14, 2025
    New York, New York

                                                  /s/ Martin Glenn
                                               MARTIN GLENN
                                    Chief United States Bankruptcy Judge